## SUPREME COURT.

BENJAMIN S. JOHNSON agt. GEORGE W. SAGAR.

In an action upon contract, at issue, and noticed for trial, the plaintiff accepts the *offer* of the defendant to allow judgment to be taken against him for $49.50, Who is entitled to *costs?*   The defendant.

*Steuben Special Term, Feb.*, 1855.—MOTION to set aside a judgment for costs in favor of the defendant.

The action was upon a promissory note.   The defendant answered.   After the cause was at issue, and noticed by the defendant for trial, the plaintiff accepted the offer of the defendant to allow him to take judgment for $49.50.   The defendant claimed costs in his offer, and gave notice to the plaintiff's attorneys that he should apply to the clerk to have his costs inserted in the judgment, and incorporated into the plaintiff's record.

The plaintiff's attorneys objected, before the clerk, to the defendant's right to costs, claiming that he had waived his right by the offer to allow the plaintiff to take judgment; and that, as the plaintiff was the prevailing party, no costs could be allowed or inserted against him under the Code.

The clerk entered judgment in favor of the plaintiff on the 18th of September, 1854, but held the question of the defendant's right to costs under advisement.   At a subsequent day, the clerk determined that the defendant was entitled to costs of the action, and inserted the amount in the entry of the judgment, and incorporated the defendant's judgment for costs in the plaintiff's record, but not until after the plaintiff had taken out execution, and the defendant had paid to the plaintiff the amount of his damages.

M'DOWELL & SPOONER, *for plaintiff*.

D. RUMSEY, *for defendant*.

JOHNSON, Justice.   The defendant was clearly entitled to have his costs of the action allowed, and had in no way for-

feited or waived his right to costs by his offer. This offer, under the Code, is analogous to the cognovit under the former practice, and, when accepted, stands in the place of the verdict of the jury, or the decision of the court, on the trial of the issue. It is the measure of the plaintiff's recovery; and, if sufficient in amount to entitle him to costs, the sum of his charges for costs is inserted in the entry of judgment, as a matter of course. If insufficient, then the defendant is allowed his costs of the action of course. This is regulated by the Code, §§ 304, 305.

In a case like this, the record, when made up, shows upon its face who is entitled to costs. It is claimed, on behalf of the plaintiff, that the entry in the defendant's favor is irregular, without the order of the court after notice of motion. But, under the former practice, no motion was necessary, where the record, upon its face, showed that the defendant was entitled to costs; (*Faber* agt. *Meigs,* 3 *Wend.* 308;) and none can be necessary under the Code. The defendant's costs are allowed, of course, where the plaintiff's recovery is insufficient to entitle him to costs. And the clerk is to insert the sum of the charges in the entry of the judgment on the application of the prevailing party, upon two days' notice to the other party. (§ 311.) There can be but one judgment-roll; and, in a case like the present, it is the duty of the plaintiff's attorney to make it up, or the clerk may do it in case it is not furnished by such attorney. If the plaintiff's attorney should refuse, or neglect to furnish the judgment-roll, or the proper papers, to enable the clerk to enter the proper judgment, and make up the proper roll, the defendant's attorney would, on application, be allowed to furnish the roll, or to file the necessary papers, to enable the clerk to make it up. In such case, in analogy with the former practice, a motion and notice would be necessary.

When the plaintiff's judgment is entered, and the judgment-roll is made up and filed, and it appears from the record that the defendant is entitled to costs, the proper practice, I apprehend, now is, for the clerk, on application of the defendant, and upon two days' notice to the plaintiff, to insert in the entry

of the plaintiff's judgment for damages, or in connection with it, an entry of judgment for the defendant for the sum of his charges for costs, and attach a copy of such entry to, or incorporate it in, the judgment-roll. No other notice or application can be necessary.

It is also claimed by the plaintiff's counsel, that the plaintiff is the prevailing party; and that the clerk is only authorized to enter the sum of the costs in favor of the prevailing party by the provisions of § 311. But the prevailing party, in that section, must be understood to be that party whose right to costs has prevailed, which is the defendant in this case.

It is further contended, on behalf of the plaintiff, that the entry could not be made and incorporated in the judgment-roll after payment of the plaintiff's judgment for damages. That where the plaintiff's judgment was satisfied, there was nothing remaining to which the defendant's judgment for costs could be attached. But I apprehend that the defendant's right to costs was in no degree affected by this payment. The plaintiff's judgment, although paid, was not satisfied of record; and I see no difficulty in the way of the clerk's making a valid entry at that time, and so adding to the roll on file as to show a perfect judgment still subsisting in the defendant's favor.

I am of opinion that the judgment was not irregular, and the motion must, therefore, be denied, with costs.