[Civ. No. 600.   Third Appellate District.—August 21, 1909.]

## ATLANTIC, GULF & PACIFIC COMPANY, a Corporation, Respondent, v. SUSIE D. WRIGHT and FRANK V. WRIGHT, Appellants.

JUDGMENT BY DEFAULT—APPEAL—CLERICAL MISPRISION IN MEMORANDUM OF DEFAULT—REVERSAL NOT JUSTIFIED.—When the record shows that the demurrer of two defendants was overruled with leave to answer in ten days, and no answer was filed, a manifest clerical misprision in the memorandum of default, naming "the defendant," while the judgment appealed from recites the default of both defendants, is at most a mere irregularity, which will not justify a reversal of the judgment.

ID.—CONSTRUCTION OF JUDGMENT—WHOLE RECORD TO BE EXAMINED.— In case of doubt regarding the signification of a judgment, the whole record may be examined for the purpose of removing the doubt.

ID.—UNCERTAINTY IN RECORD ENTIRELY REMOVED—JUDGMENT.—In this case, any uncertainty in the record in the memorandum of default, is entirely removed by the language of the judgment, taken in connection with the complaint and the demurrer thereto.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

The facts are presented in the opinion of the court.

Jellett & Meyerstein, and Maxwell McNutt, for Appellants.

Corbet & Selby, for Respondent.

BURNETT, J.—The appeal is from a default judgment entered by the clerk of the superior court in an action upon a promissory note.

The whole contention of appellants is based upon an obvious clerical misprision in the memorandum of default attached to the complaint and is supported by an argument more ingenious than persuasive.   This memorandum recited that: "In this action the defendants, Susie D. Wright and Frank V. Wright, having demurred to plaintiff's complaint on file herein, and said demurrer having been overruled by order of court, with leave to defendant to answer, and said defendant

having failed to answer within the time allowed, after due notice of overruling said demurrer had been given, the default of said defendant in the premises is hereby duly entered herein."

The "judgment on demurrer" contains these recitals: "In this action the defendants, Susie D. Wright and Frank V. Wright, having demurred to plaintiff's complaint on file herein, and said demurrer having been overruled by order of court, with leave to defendant to answer within ten days, and said defendants having failed to answer within the time allowed, after due notice of overruling said demurrer had been given and the default of said defendants in the premises having been duly entered according to law," etc. If there is any uncertainty in the memorandum as to whether the default of one or both of the defendants was entered, it is entirely removed by the language of the judgment.

By any fair and reasonable construction of these two instruments the conclusion is reached that when the word "defendant" appears it was intended to include both defendants. But it is proper also to consider the entire judgment-roll including the complaint and the demurrer, and thereby the matter is settled beyond peradventure. The rule is undoubtedly as stated in section 45 of Freeman on Judgments, as follows: "In case of doubt regarding the signification of a judgment or of any part thereof the whole record may be examined for the purpose of removing the doubt. . . . On the other hand, though the word 'defendant' is written in the body of the judgment, it will be construed as referring to and including all the defendants named in the caption." (See, also, 25 Am. & Eng. Ency. of Law, 1070, and cases cited.)

Regarding, then, for the purpose of the decision the memorandum of default as a part of the judgment-roll, no irregularity appears of sufficient gravity to justify a reversal of the judgment.

We deem it unnecessary to consider the contentions of respondent that this memorandum is not properly a part of the judgment-roll, that there is an "amended default," unobjectionable in form, attached to the complaint, apparently as of the same date as the memorandum of which complaint is made, that no evidence appearing to the contrary, the pre-

sumption is that the default as actually entered was correct, and furthermore, that there is an order and finding of the court to the effect that there was a clerical misprision on the part of the clerk, and directing that the record be corrected so as to speak the truth, as we view the position of appellants as entirely without merit, and involving at most a mere irregularity which could not possibly have prejudiced their substantial rights.

The judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.