[Civ. No. 716.    Third Appellate District.—July 25, 1910.]

# D. J. MURPHY, Respondent, v. JAMES T. CASEY, Appellant.

COMPLAINT IN SUPERIOR COURT FOR JURISDICTIONAL SUM—ISSUE—AGREED JUDGMENT FOR $200—ERROR IN ALLOWING COSTS—REVERSAL OF ORDER.—Where the complaint in the superior court was to recover $462, and the answer joined issue on the claim, and upon the offer of defendant to allow judgment for $200, which was accepted by plaintiff, and the agreed judgment was entered upon the day set for trial, and the court allowed costs to plaintiff and denied defendant's motion to strike out his cost bill, it is held on appeal from the order denying such motion that although the precise question does not appear to have been passed upon in this state, yet that the plaintiff, under the facts appearing, was not entitled to recover costs, and that the order appealed from must be reversed.

ID.—RECOVERY OF COSTS STATUTORY.—There must be in any case some statutory warrant for the allowance of costs; and in the absence of a statute allowing costs, no costs can be recovered by either party.

ID.—CODE PROVISIONS LIMITING PLAINTIFF'S COSTS.—Under subdivision 3 of section 1022 of the Code of Civil Procedure, costs are allowed to the plaintiff when he recovers $300 or more; and section 1025 of that code declares, without qualification or exception, that "no costs can be allowed in any action for the recovery of money or damages where the plaintiff recovers less than $300." These sections are not to be construed as applicable only to cases where the claim of the plaintiff is litigated, but construing them together with section 997 of that code, providing for a compromise judgment, if that is for less than $300, costs are equally forbidden in such case by section 1025 thereof.

ID.—CLEAR INTENTION OF LEGISLATURE.—It is very clear that it was the intention of the legislature to disallow costs in any case in which the judgment is for less than $300, without regard to whether such judgment has been awarded after the issues involved have been actually tried, or is entered without trial by the agreement of the parties.

ID.—DISALLOWANCE OF COSTS IN NATURE OF PENALTY.—The disallowance of costs when the recovery in the superior court is less than $300 is in the nature of a penalty, and manifestly intended to discourage the bringing of actions in the superior courts which should be tried in justices' courts.

ID.—ACCEPTANCE OF OFFER BY PLAINTIFF—CONFESSION.—The acceptance by the plaintiff of the offer by the defendant to allow judgment to be entered for less than $300 was tantamount to a confession by plaintiff that the sum offered is as much as he could expect to obtain judgment for under the issue tried and litigated.

ID.—CONSTRUCTION OF SECTION 997.—That part of section 997 of the Code of Civil Procedure which provides that if a plaintiff fails to obtain a more favorable judgment than that involved in an offer of compromise, he cannot recover costs, simply and clearly means that even if, after the refusal of the offer, he should recover a judgment within the superior court's jurisdiction, but less than the amount offered, he would not be entitled to costs.

APPEAL from an order of the Superior Court of Butte County refusing to strike out a cost bill. John C. Gray, Judge.

The facts are stated in the opinion of the court.

Bond & Hays, for Appellant.

Park·Henshaw, for Respondent.

HART, J.—The plaintiff brought this action on June 12, 1909, to recover the sum of $462, an alleged balance due

for board and lodging furnished to certain employees of defendant and for a certain quantity of corn sold and delivered to said defendant by plaintiff.

The defendant answered the complaint in due time, and the cause was set down for trial for December 21, 1909.

On the twentieth day of December, 1909, the defendant served a written offer on the plaintiff to allow judgment to be taken for the sum of $200. This offer was filed on the twenty-first day of December, 1909, and on the same day the plaintiff accepted in writing said offer, and thereupon judgment was rendered and entered in favor of plaintiff for the amount so offered and accepted.

Respondent thereafter filed his cost bill, and subsequently the defendant moved to strike out the same on the ground that, as the judgment rendered and entered in his favor was for a sum less than $300, plaintiff was not entitled to costs.

The court made an order denying this motion, and it is from said order that the defendant presents this appeal.

The precise question submitted here is new in California, so far as we know to the contrary. We are of opinion, however, that plaintiff is not entitled to his costs, and that, therefore, the court erred in denying the motion to strike out his cost bill.

There must be in any case some statutory warrant for the allowance of costs. (*Fox* v. *Hale & Norcross S. M. Co.,* 122 Cal. 223, [54 Pac. 731].) It is said in that case that ''the right to recover costs is purely statutory, and, in the absence of a statute, no costs could be recovered by either party.'' It is quite obvious that, in order to justify the awarding of costs to the plaintiff in the case at bar, there must be imported into the statute language which the legislature has omitted to insert therein, as an examination of the several sections of the code relating to costs will readily affirm.

The offer and acceptance of a compromise judgment is authorized by section 997 of the Code of Civil Procedure, which reads: ''The defendant may, at any time before the trial or judgment, serve upon the plaintiff an offer to allow judgment to be taken against him for the sum or property, or to the effect therein specified. If the plaintiff accept the offer, and give notice thereof, within five days, he may file the offer, with proof of notice of acceptance, and the clerk must there-

upon enter judgment accordingly. If the notice of acceptance be not given, the offer is to be deemed withdrawn, and cannot be given in evidence upon the trial; and if the plaintiff fail to obtain a more favorable judgment, he cannot recover costs, but must pay the defendant's costs from the time of the offer.''

Section 1022, subdivision 3, of said code, provides that ''costs are allowed of course to the plaintiff, upon a judgment in his favor, . . . in an action for the recovery of money or damages, when plaintiff recovers three hundred dollars or over.''

Section 1025 expressly declares, without qualification or exception, that ''no costs can be allowed in any action for the recovery of money or damages, when the plaintiff recovers less than three hundred dollars, nor in an action to recover the possession of personal property, when the value of the property is less than three hundred dollars.''

Counsel for the respondent undertakes to maintain that the two last-mentioned sections relate entirely to cases wherein the issues tendered are actually litigated and by consequence do not apply to a case like the one at bar, where a compromise judgment is agreed to under the terms of section 997. But we cannot assent to that contention. Construing together, as we must, the three sections of the code mentioned, we think that it is very clear that it was the intention of the legislature to disallow costs in any case in which the judgment obtained is for less than the sum of $300, without regard to whether such judgment has been awarded after the issues involved have been actually tried or is entered without trial by agreement of the parties. We can perceive no sound or substantial reason for any other construction of the code sections bearing upon the subject of costs.

The disallowance of costs in an action in the superior court where the judgment is for plaintiff in an amount less than the sum of $300 is in the nature of a penalty, and manifestly intended to discourage the bringing of actions in the superior courts which should be tried in justices' courts. The acceptance by the plaintiff of an offer by the defendant to allow judgment to be entered against him for a sum less than that sued for is tantamount to a confession by plaintiff that the sum offered is as much as he could expect to obtain judgment

for were the issues tried and litigated. No proposition can be more patent than that a compromise judgment taken under the authority of section 997 of the Code of Civil Procedure is no less a judgment than one rendered and entered after a trial, and, as declared, we have been pointed to no section of law relating to costs which can, by any possible construction, authorize, in such a case, the awarding of costs to either party where the judgment agreed to is below the sum of which the superior court has jurisdiction.

That part of section 997 which provides that, if a plaintiff fails to obtain a more favorable judgment than that involved in an offer of compromise, he cannot recover costs, simply and clearly means that even if, after the refusal of the offer, he should receive a judgment for an amount within the superior court's jurisdiction, but less than for the amount offered, he would not be entitled to costs.

The respondent has cited a number of cases which, with the exception of *Lee* v. *Stern,* 22 Mo. 576, throw little light on the question here. The case mentioned, which undoubtedly sustains the contention of respondent, was where the defendant, having made an offer to plaintiff, under a statute similar in its terms to section 997 of our code, to take judgment for a sum below the court's jurisdiction, which offer was accepted by plaintiff, set up a right to the payment of his costs. The court held that there was no authority under said statute for the awarding of costs to the defendant, and affirmed the judgment for costs to plaintiff. But, as is manifest from what we have already said, we are not in accord with the conclusion reached in the Missouri case.

The construction here given these sections is sustained by the case of *Moffett* v. *Deom,* 8 N. Y. Civ. Pro. Rep. 85, where, under a statute also similar in its terms to section 997 of our Code of Civil Procedure, the defendant offered to allow the plaintiff to take judgment for a sum less than that of which the court had jurisdiction, and the offer was accepted. Both parties claimed costs. The court held that neither party was entitled to costs; that "as the recovery was less than fifty dollars, there was no authority in the statute entitling the plaintiff to any costs, and the defendant, by making the offer, waived his statutory right thereto." (See *Johnson* v. *Sagar,* 10 How. Pr. 552.) We think, as we have tried to show, that

13 Cal. App.—50

the New York case announces the true rule upon the question before us.

The order is reversed.

Chipman, P. J., and Burnett, J., concurred.