[S. F. No. 6471. In Bank.—January 14, 1914.]

W. E. HEALEY, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SONOMA et al., Respondents.

COSTS—APPEAL FROM JUSTICE'S COURT—JUDGMENT LESS THAN THREE HUNDRED DOLLARS.—The prevailing party in an action tried anew in the superior court on an appeal from a justice's court is entitled to recover his costs, nothwithstanding the judgment rendered on the appeal is for a sum less than three hundred dollars.

ID.—SECTION 1022 OF CODE OF CIVIL PROCEDURE INAPPLICABLE TO JUSTICE COURT APPEALS.—Section 1022 of the Code of Civil Procedure, disallowing costs to the plaintiff in an action for money or damages where the judgment is for less than three hundred dollars, is not intended to apply to an action tried anew in the superior court on appeal from the justice's court.

APPLICATION for a Writ of Review directed to the Superior Court of Sonoma County and to Emmet Seawell, Judge thereof.

The facts are stated in the opinion of the court.

H. W. A. Weske, and Jos. P. Berry, for Petitioner.

F. A. Meyer, and S. K. Dougherty, for Respondents.

THE COURT.—An application for a writ of review was made to the district court of appeal for the third appellate district, and the justices of that court being unable to concur in a judgment, the matter was transferred to this court for hearing and determination.

After a careful examination of the questions involved we have adopted the views expressed by the learned judge of the trial court, written at the time of defendant's motion to strike out plaintiff's bill of costs.

"This action was commenced in the justice's court of Santa Rosa township, where judgment went for defendants. An appeal was taken to this court, the cause tried anew on appeal, and judgment went for plaintiff. Defendants now move to strike out plaintiff's bill of costs on the ground that the court has no jurisdiction to allow costs inasmuch as the judgment

on appeal was for a sum less than three hundred dollars. In other words, defendants insist that there is no statutory warrant for the allowance of costs in cases appealed from the justice's court and tried anew on appeal in the superior court except in the rare instances where the appealing party might obtain a judgment for the sum of three hundred dollars or over.

"If defendant's contention be accepted as the law, it will work a complete and radical change in the practice and procedure of this state as it has heretofore stood.

"The arguments made by the moving parties are deserving of more consideration than can be given them in this brief opinion. The subject has been industriously and widely investigated.

"Counsel have cited many authorities from other jurisdictions to sustain the claim that the allowance of costs is merely a statutory creation and was unknown to the common law. In those states still largely influenced by the common law rule there can be no doubt but that the question of the allowance of costs is viewed with disapproval, if not with a spirit of positive hostility. In this state the allowance of costs is an incident to a cause of action, and it has never been regarded harshly by our courts. The spirit of our code system favors the allowance of costs as an examination of the several sections touching the subject will reveal. Aside from the anomaly of the position in which we would find ourselves by holding that costs are allowable to the prevailing party in the justice's court and not allowable in the superior court on appeal, except in rare and unusual cases, we are confronted with the interpretation placed upon the statutes of our state by the bench and bar for a period of sixty-two years. Since the organization of our state government it has been the universal practice of the superior court of California to allow costs to the prevailing party on an appeal to the superior court. While the question has never been squarely determined by our state supreme court, there can be but little doubt that the practice recognized by the superior court has the sanction of the highest court of our state. This long established practice amounts to more than mere custom for it must have its origin in the belief that warrant for the allowance of costs is to be found in the language and spirit

of the several statutes governing the same, which have undergone but slight change since their adoption. This circumstance of itself arises to the dignity of judicial interpretation and cannot be lightly laid aside in an effort to arrive at legislative intent.

"Code sections in which the question of costs arise are numerous. Section 924 of the Code of Civil Procedure, provides as follows: 'The prevailing party in a justice's court is entitled to costs of the action, and also of any proceeding taken by him in aid of an execution, issued upon any judgment recovered therein.' Surely the legislature by express provisions allows costs to the prevailing party in actions tried in the justice's court. Section 978 of the Code of Civil Procedure, provides as follows: 'An appeal from a justice's . . . court is not effectual for any purpose, unless an undertaking is filed with two or more sureties in the sum of one hundred dollars for the *payment of the costs on the appeal';* etc. Said section, in numerous sentences, provides for the giving of an undertaking to recover *costs in the superior court.* It is difficult to read said section without being forced to the conclusion that within its provisions complete statutory warrant is to be found for the allowance of costs in the superior court on an appeal from the justice's court.

"The latter portion of section 980 of the Code of Civil Procedure, provides as follows: 'When the action is tried *anew, on appeal,* the trial must be conducted in all respects as other trials in the superior court. The provisions of this code as to changing the place of trial, and all the provisions as to trials in the superior court, are applicable to trials on appeal in the superior court. For a failure to prosecute on appeal, for unnecessary delay in bringing it to a hearing, the superior court, after notice, may order the appeal to be dismissed, *with costs;* and if it appear to such court that the appeal was made solely for delay, it may add to the *costs* such damages as may be just, not exceeding twenty-five per cent of the judgment appealed from.'

"The latter part of the section last above quoted provides that all the rules of procedure which control in the superior court are applicable to trials on appeal in the superior court. By said section the court is expressly authorized to impose costs under certain named conditions.

"Counsel contend that section 1022 of the Code of Civil Procedure, bars plaintiff's right to recover costs. If plaintiff should have started his action as an original proceeding in the superior court and failed to have recovered three hundred dollars, unquestionably he could not recover costs. But that is not the question with which we are now dealing, and section 1022, disallowing costs in all cases where the amount of the judgment is less than three hundred dollars, was never intended to apply to an action tried anew on appeal in the superior court. If such was the intention of the legislature, it would have been a simple matter for it to have so stated in unmistakable terms. To give the code sections the construction that costs are not allowable on an appeal, would seem to do violence to the spirit and letter of said sections. Section 1022 must therefore be given a reasonable construction: one that will harmonize with other sections of the code, if such be possible.

"By disallowing costs in a case where a sum less than three hundred dollars is recovered it was clearly the intention of the legislature—and the sole intention—to compel litigants to *commence* actions in the proper forum, and in case they do not do so for any reason, to disallow costs partly as a punishment for an injustice done the party who is forced into a higher and more expensive tribunal. Clearly it was not the purpose of the legislature to discourage appeals from the justice's court by a disallowance of costs for the reason that the simple method of appeal provided thoroughly refutes such a contention. There is nothing in the genius of our laws that would justify the court in saying that appeals from the justice's court are looked upon with disfavor by the legislature. An examination of section 1022 will show that many of the provisions therein contained could not be made to apply to appeals taken from a justice's court. The causes of actions designated therein clearly show that said section was not intended to apply to cases on appeal, for the reason that it enumerates causes of actions over which the justice's court would be absolutely without jurisdiction. Many of said causes could not have their origin in a justice's court.

"The court will not review the many authorities cited by counsel, as they do not deal with statutes similar to ours. None of the California cases cited is decisive of the questions

here involved. *Murphy* v. *Casey,* 13 Cal. App. 781, [110 Pac. 956], had to do with a case in which judgment was entered by stipulation for a sum less than three hundred dollars. The cause was originally commenced in the superior court, and as a matter of course plaintiff was not entitled to costs. Other California cases cited simply reaffirm this doctrine or lay down a principle of law that is admittedly true but throw little light on the question here presented.

"On an appeal from the justice's court a cause is tried anew, but our code emphasizes the fact that it is tried anew *on appeal.* It cannot be the policy of the law of this state in the light of our many statutory provisions that one who is aggrieved by a judgment. of the lower court should be penalized for pursuing the law's remedy to the end that complete justice may be obtained. Costs are allowed in this state *as of course* not only in general proceedings but also in special proceedings.

"The court is of the opinion that defendants' motion to strike out the bill of costs should be and the same is hereby denied."

It follows from the foregoing that the action of the superior court was strictly in accord with the law. We have not considered whether there would have been any excess of jurisdiction on its part even if it had erred in allowing costs to plaintiff, preferring to dispose of the question we have discussed upon its merits.

Writ denied. Proceeding dismissed.

Beatty, C. J., does not participate in the foregoing.