[Civ. No. 8803.  First Appellate District, Division One.—April 21, 1933.]

T. P. MINEHAN et al., Appellants, v. I. V. SILVERIA et al., Respondents.

318

Carl R. Schulz for Appellants.

John J. Jones for Respondents.

GRAY, J., *pro tem.*—The record, on this appeal, consists of the judgment-roll. The complaint alleges that three defendants, named therein, to wit, a copartnership and its two partners were indebted to plaintiffs in the sum of $1993.45 for goods sold and delivered. The three defendants filed a joint general demurrer, of which no disposition is shown. Subsequently the two copartners answered, in two inconsistent counts, denying any indebtedness and admitting an indebtedness of $344. The court found "that defendants are indebted to plaintiffs in the sum of $343.55, . . . That defendants have heretofore tendered said sum of $343.55 into court," and concluded "that plaintiffs are entitled to a judgment against said defendants in the sum of $343.55 without costs and that defendants are entitled to their costs herein". The judgment adjudged "that plaintiffs do have and recover from defendants the sum of $343.55, without costs, said sum having been paid into court" and "that defendants are entitled to their costs".

Assuming that the judgment against "defendants" included *all* defendants, plaintiffs argue that, as the answer of the copartners abandoned the joint demurrer and the copartnership defaulted by failing to join in the answer, the judgment against the copartnership for less than the demand of the complaint is erroneous. The judgment against "defendants" is uncertain as to which defendants are indebted. There being no words of reference to the caption of the judgment, no resort to it can be had for aid. (*Hawley Bros. etc. Co.* v. *Brownstone,* 123 Cal. 643 [56 Pac. 468]; *Morton* v. *Shannon,* 26 Cal. App. 689 [147 Pac. 1179].) Neither do the recitals of the findings and judgment that "defendants" were present at the trial remove the uncertainty for the same uncertainty is also there present. To remove this uncertainty and to determine the scope and effect of the judgment, the entire judgment-roll may be examined. (*Freeman* v. *Donohoe,* 188 Cal. 170 [204 Pac. 593]; *Atlantic, G. & P. Co.* v. *Wright,* 11 Cal. App. 179 [104 Pac. 460]; *Brown* v. *Superior Court,* 110 Cal. App. 464 [294 Pac. 428].) The allegations of the complaint show that the copartnership was sued, under section 388 of the Code of Civil Procedure, as a legal entity, distinct from the copartners. (*John Bollman Co.* v. *S. Bachman & Co.,* 16 Cal. App. 589 [117 Pac. 690, 122 Pac. 835]; *Craig* v. *San Fernando Furniture Co.,* 89 Cal. App. 167 [264 Pac. 784].) The copartnership appeared by the general demurrer, jointly with the two copartners. It may be conceded, for present purposes, that the filing, by the copartners, of their answer, without any disposition of the demurrer constituted an abandonment or waiver of it, as to themselves. (*Moran* v. *Abbey,* 58 Cal. 163; *Booth* v. *Chapman,* 59 Cal. 149; *Lynch* v. *Gagnon,* 96 Cal. App. 512 [274 Pac. 584].) But such answer did not operate as a withdrawal or abandonment of the joint demurrer, by the copartnership. (*Travest* v. *Alport,* 13 N. Y. Civ. Proc. R. 161.) It would have been irregular to have rendered judgment against the copartnership, without disposing of the demurrer and a judgment, so rendered, would be reversible on appeal. (*Davidson* v. *Graham,* 25 Cal. App. 484 [144 Pac. 147].) The judgment must, therefore, be so construed as to uphold its regularity. (*Pacific Paving Co.* v. *Vizelich,* 1 Cal. App. 281 [82 Pac. 82].) It must also be construed with reference to the

condition of the pleadings and the parties against whom judgment could have been rendered. (*Watson* v. *Lawson,* 166 Cal. 235 [135 Pac. 961].) "A judgment against 'defendants' will be presumed to be against all the defendants against whom it could have been properly rendered." (33 C. J. 1198.) ■ Since the judgment so construed ran against the copartners and not against the copartnership, there is no basis in fact for plaintiffs' argument. No consideration can be given to respondents' claim that the action was tried, with appellants' consent, upon the theory that it was at issue as to the copartnership, because the evidence is not in the record.

■ Plaintiffs further contend that costs were erroneously denied them and awarded defendants. Plaintiffs were entitled to costs, by virtue of section 1022 of the Code of Civil Procedure, unless, defendants either, under section 997 of the same code, before trial or judgment served upon plaintiffs an offer to allow judgment to be taken for a specified sum, or pursuant to section 1030, alleged in their answer that before the commencement of this action they tendered the full amount to which plaintiffs were entitled and thereupon deposited in court such amount. The record is silent as to any such offer and the answer does not contain any allegation of tender or deposit. The finding of tender into court is insufficient without such allegations and also fails to meet the code requirements because it is a different kind of tender and omits a finding of deposit. Costs, therefore, should have been awarded plaintiffs instead of defendants.

The portion of the judgment awarding plaintiffs the sum of $343.55 is affirmed. The portion as to costs is reversed, with instructions to modify the judgment so as to award costs to plaintiffs.

Tyler, P. J., and Cashin, J., concurred.