[L. A. No. 13090.   In Bank.—December 21, 1934.]

H.  GOLAND  et  al.,  Appellants,  v.  PETER  NOLAN  & COMPANY  (a  California  Corporation)  et  al.,  Respondents.

Joe  Wapner  and  Henry  Cohen  for  Appellants.

Freston & Files for Respondents.

PRESTON, J.—Plaintiffs appeal from a judgment for defendant corporation following an order sustaining, without leave to amend, a general and special demurrer to the second amended complaint.

This complaint is in two counts, the first for malicious prosecution of a civil action and the second upon stockholders' liability for the same cause of action. Count one states a cause of action. Count two is defective and ordinarily we would sustain the ruling of the trial court as to it, but the defendants are all sued by fictitious names and no one of them has been served with process or has appeared in the action. The ruling of the court on this count is, therefore, premature.

The first count recites that on June 8, 1928, the corporate defendant instituted in the superior court against plaintiff H. Goland an action for the sum of $6,000, and procured an attachment therein and levied it upon the interests of plaintiffs in certain described real property; that said attachment remained in force until May 12, 1930, when the action and the attachment were dismissed and withdrawn, ending the litigation in the equivalent of a judgment for plaintiffs.

Said count one also recites that said claim was fictitious and known by said corporation to be such at all times and that the suit was instituted and the attachment secured and levied without probable cause, maliciously and with the design to injure, harass and annoy plaintiffs; that as a result of such action and such attachment, plaintiffs suffered various items of damages, to only two of which we need refer: First, that plaintiffs were purchasing the property levied upon and had paid a deposit thereon of $5,000, pursuant to an escrow agreement and by reason of the levy of said attachment they were unable to complete the purchase and lost the said deposit, to their damage in said sum; second, that punitive damages should be awarded. As to the other items of damages, it may be that on further consideration they will be found too speculative or conjectural to be the basis of relief, but so long as one or more appropriate items of injury are found in the complaint, it is good

as against a general demurrer and other items, if objectionable, may be treated as surplusage.

■ Among the allegations of special demurrer are the following: That the wife of plaintiff is not a proper party, but we cannot see where this would injure defendants as she is identified with the property on which the attachment was levied. ■ The main special ground urged is that count one contains two causes of action, one for malicious prosecution and one for malicious attachment. This claim likewise is unfounded. The count is clearly one for malicious prosecution, with the attachment in aggravation of damages. A malicious attachment may be procured in an action instituted in good faith. Such a case was *McCusker* v. *Walker*, 77 Cal. 208 [19 Pac. 382]. But it is often found that the action was prompted by malice and the attachment procured in furtherance of the malicious intent. This is the case here alleged and it is supported by the following authority: *Berson* v. *Ewing*, 84 Cal. 89 [23 Pac. 1112].

The fact that the statute of limitations begins to run at the time of the levy in the first illustration and at the successful termination of the litigation in the other is not material here in view of the classification we have made of the complaint.

The judgment is reversed and as to count one the direction is made to overrule the demurrer.

Langdon, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.