[Civ. No. 10683. Second Appellate District, Division One.—July 31, 1936.]

H. GOLAND et al., Appellants, v. PETER NOLAN & COMPANY (a California Corporation) et al., Defendants; PETER NOLAN, Respondent.

Joe Wapner and Henry Cohen for Appellants.

Freston & Files and Ralph E. Lewis for Respondent.

WHITE, J., *pro tem.*—This case was originally filed in the Superior Court of Los Angeles County on or about October 22, 1930. The complaint was in two counts, one against the corporation for malicious prosecution of a civil action, the other against the stockholders of the corporation on their stockholders' liability. To this complaint various demurrers were interposed, and finally the superior court sustained a demurrer to the second amended complaint as to both causes of action, without leave to amend, and rendered a judgment of dismissal thereon. An appeal was taken from said judgment of dismissal, and the Supreme Court, in December, 1934, reversed the judgment of the superior court as to count one, and held as to count two that the action of the court was premature, in that the stockholders had not made any legal appearance. (*Goland* v. *Peter Nolan & Co.,* 2 Cal. (2d) 96 [38 Pac. (2d) 783].)

On July 13, 1935, Peter Nolan, as an individual stockholder of Peter Nolan & Co., a corporation, sued in the complaint as a John Doe, filed a notice of special appearance and notice of motion to dismiss the complaint, upon the ground that summons had not been served upon him and return made within three years from the date when the action was filed, as required under section 581a of the Code of Civil Procedure, which in substance provides that an action must be dismissed by the court in which the same shall have been commenced, on the court's own motion or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall be served and return thereon made within three years after the com-

mencement of the action. The section further provides that such actions may be prosecuted, if appearance has been made by the defendant or defendants within said three years, in the same manner as if summons had been issued and served. After a hearing on the aforesaid motion to dismiss, the superior court made its order, July 26, 1935, dismissing plaintiff's second amended complaint, from which order this appeal is prosecuted.

No claim is made that summons was ever at any time served upon respondent Peter Nolan, and it is conceded that at the time the superior court made its order of dismissal more than three years had elapsed since the date of filing of said complaint and the issuance of summons thereon. ■ Appellants, however, urge that service of summons upon respondent Peter Nolan was unnecessary, for the reason that the individual defendants, including respondent, made an appearance by way of demurrer to the second amended complaint. In our opinion, however, there is nothing in this contention, because, in its decision upon the appeal from the order sustaining the demurrer, the Supreme Court said (*Goland* v. *Peter Nolan & Co.*, 2 Cal. (2d) 96, 97 [38 Pac. (2d) 783]) :

"This complaint is in two counts, the first for malicious prosecution of a civil action and the second upon stockholders' liability for the same cause of action. Count one states a cause of action. Count two is defective and ordinarily we would sustain the ruling of the trial court as to it, *but the defendants are all sued by fictitious names and no one of them has been served with process or has appeared in the action. The ruling of the court on this count is, therefore, premature.*" (Italics ours.)

Reference by us to the files in the case of *Goland* v. *Peter Nolan & Co., supra,* in the office of the clerk of the Supreme Court, indicates that appellants in their petition for hearing by the Supreme Court therein earnestly contended that there had been no appearance on behalf of the fictitious defendants. In their petition in the Supreme Court appellants urged that it was impossible for an appearance to have been made for the fictitious defendants when their identity was not then known to respondent's counsel; and appellants set forth in their brief a quotation from the demurrer to the first amended complaint, asserting that the same was commenced

with the following language: "Comes now the above named defendant, Peter Nolan & Company, a corporation, and demurs to plaintiffs' amended complaint"; appellants then proceed in their brief before the Supreme Court to assert that in the demurrer to the second amended complaint respondents again made the point that the stockholders were not named, and that notwithstanding that fact the lower court again sustained the demurrer without leave to amend on behalf of the fictitious defendants. Again, in their petition for hearing before the Supreme Court appellants say: "Surely they could not appear for them [the fictitious defendants] unless they were named. . . . A fictitious defendant may not appear as John Doe or Jane Doe. He may come in by appearing, we will say for the purpose of illustration, as follows: 'Comes now John Brown sued herein as John Doe.' " Appellants then proceed to challenge the "appearance" of the fictitious defendants in the following language: "Supposing the Honorable Trial Court would have rendered a judgment in our favor and against John Doe, Richard Roe and other fictitious individuals, would that judgment have been valid? And against whom could we have executed? The answer is quite apparent." Concluding their argument that there had been no appearance of these fictitious defendants, we quote from appellants' brief before the Supreme Court: "Obviously there has not been an appearance by the fictitious defendants as contemplated by section 1014 of the Code of Civil Procedure hereinbefore referred to and, therefore, the court was without jurisdiction to sustain a demurrer as to them."

It is apparent, therefore, that appellants herein raised this precise issue in the Supreme Court and vigorously contended there that there never had been any "appearance" of the fictitious defendants, which included respondent herein. It was because this point was raised by appellants before the Supreme Court that the latter, ruling thereon, held with appellants' contention that the fictitious defendants had never appeared, for which reason the ruling of the lower court on the demurrer to the complaint was premature, in so far as count two, which affected the individual fictitious defendants, was concerned. Certainly the vigorous contention of appellants before the Supreme Court that there had been no appearance, and the holding of the Supreme Court

that the action of the trial court in sustaining the demurrer as to count two, affecting the fictitious defendants, was premature on that ground, is conclusive now, because the record before us concedes that since the decision of the Supreme Court there has been neither service of summons shown nor any appearance by any of the fictitious defendants, with the exception of the special appearance made by respondent herein, sued as a fictitious defendant, to procure the order of dismissal as to him which forms the basis of this appeal.

 Appellants next contend that they were precluded from serving summons and complaint on respondent and the other individual defendants in the second cause of action by the ruling of the superior court sustaining a demurrer to the second amended complaint in its entirety without leave to amend, and dismissing the same. Appellants earnestly argue that a valid service could not have been made upon respondent and his codefendants after the ruling of the lower court just referred to, for the reason that such service would have been an idle act. This claim of appellants is without merit, because it would have been irregular to have rendered a judgment or order against the individual defendants before they had been served with summons or had made an appearance, and a judgment or order so rendered would be reversible on appeal. (*Davidson* v. *Graham,* 25 Cal. App. 484 [144 Pac. 147]; *Minehan* v. *Silveria,* 131 Cal. App. 317, 319 [21 Pac. (2d) 617].) The order made by the superior court sustaining the demurrer without leave to amend must be construed with reference to the condition of the pleadings and the parties against whom judgment could have been rendered. (*Watson* v. *Lawson,* 166 Cal. 235 [135 Pac. 961].) A judgment against "plaintiffs" will be presumed to be against all the plaintiffs against whom it could have been properly rendered. (33 Cor. Jur. 1198.) Since the judgment or order herein, so construed, ran in favor of the corporation and not in favor of the individual defendants, there is no basis in fact for appellants' argument. Equally without merit is appellants' contention that the provisions of section 583 of the Code of Civil Procedure are applicable, because that section provides that an action must be dismissed by the trial court on motion unless brought to trial within three years from the date upon which the *remittitur* is filed by the clerk of the trial court following action

after judgment on appeal which results in a reversal with the cause remanded for a new trial. In the instant case, the decision of the Supreme Court specifically holds that none of the proceedings were binding upon respondent in his individual capacity, because he had made no appearance, nor had he been served with process; and further, in the instant case there had been no trial, no new trial granted, nor any remand by the upper court of the cause for a new trial. The holding of the Supreme Court, it seems to us, was that there should have been no ruling on the demurrer as to the second cause of action, with respect to the defendants therein, including respondent, who had not theretofore appeared. The action of the trial court in ordering a dismissal of the action as to respondent herein, under the provisions of section 581a of the Code of Civil Procedure, was correct.

For the foregoing reasons, the order appealed from is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1936.