Opinion
BANCROFT, J.
Plaintiff sued defendant for money due on a retail installment contract. The complaint was filed on October 27, 1976. The amount of the bill was paid to plaintiff on November 29, 1976. At trial, the sole issue was whether plaintiff was entitled to its attorneys fees and costs as the “prevailing party” pursuant to Civil Code section 1811.1. Judgment that plaintiff take nothing was rendered in favor of defendant. Plaintiff appeals.
*Supp. 9 We conclude that under Civil Code section 1811.1, plaintiff (appellant herein) is entitled to its attorneys fees and costs from defendant (respondent herein) and accordingly, we reverse the judgment of the trial court.
Summary of Facts and Contentions
This case comes to us upon an engrossed statement plus respondent’s addendum pursuant to rule 127 of the California Rules of Court.
Appellant department store, on October 27, 1976, sued respondent upon a retail installment account subject to the provisions of California Civil Code sections 1801-1812.10 (Unruh Act) for the principal sum of $303.27, plus 7 percent interest per annum from September 15, 1976, and attorneys fees in the amount of $75.81 upon an open book account, an account stated and a common count.
Prior to the filing of the lawsuit, respondent had reduced the principal sum of $303.27 by a payment directly to appellant, of $27. One day after the substituted service of the complaint and summons on respondent, she paid the balance of the principal ($276) personally to appellant.
Thereafter on December 13, 1976, respondent in pro. per. filed a general written denial authorized by Code of Civil Procedure section 431.40 plus the allegation that the balance of the bill had been paid on November 29, 1976. Respondent was unrepresented at trial. Appellant through counsel presented the testimony of one of its employees and examined respondent under Evidence Code section 776. A timely appeal was taken from the trial court’s take-nothing judgment for appellant.
Appellant contends that since the tender of the true balance due on the principal in the sum of $276 was made after the complaint was filed and thus after court costs and attorneys fees had been incurred, appellant was the “prevailing party” contemplated in Civil Code section 1811.1 as entitled to reasonable attorneys fees and costs. Respondent contends that payment of the principal amount due after the filing of the complaint but before answer constituted a tender preventing appellant from becoming the “prevailing party” entitled to an award of reasonable attorneys fees and costs.
*Supp. 10 The Applicable Law
Civil Code section 1811.1 provides as follows: “Reasonable attorney’s fees and costs shall be awarded to the prevailing party in any action on a contract or installment account subject to the provisions of this chapter regardless of whether such action is instituted by the seller, holder or buyer. Where the defendant alleges in his answer that he tendered to the plaintiff the full amount to which he was entitled, and thereupon deposits in court, for the plaintiff, the amount so tendered, and the allegation is found to be true, then the defendant is deemed to be a prevailing party within the meaning of this article.” (Italics supplied.)
This case appears to be one of first impression. Respondent cites no cases in support of her contention. Appellant cites by way of analogy the cases of Minehan v. Silveria (1933) 131 Cal.App. 317 [21 P.2d 617], and Murphy v. Casey (1910) 13 Cal.App. 781 [110 P. 956], Only the former is instructive involving, as it did, an interpretation of former section 1030 of the Code of Civil Procedure. Former section 1030 (new § 1025) of the Code of Civil Procedure provided at the time that the plaintiff would be denied costs, in a suit for the recovery of money only, where the defendant alleged and proved a tender to the plaintiff of the full amount to which he was entitled “. . . before the commencement of the action. . . .” It is, of course, precisely the omission of the quoted or similar language in section 1811.1 which gives rise to the dispute before us. The Minehan case, supra, is clearly to be distinguished upon that ground as well as upon the ground that the Unruh Act and section 1811.1 are relatively recent legislative enactments operative commencing January 1, 1960, in a very specific field. Any analogy, therefore, is very weak. In the absence of any precedent in the case law interpreting section 1811.1, we feel we must continue our analysis.
Section 1811.1 was designed to protect debtors with good defenses who could not, without a statutory provision for attorneys fees and costs, engage legal counsel or risk advancing legal costs. (15 Assem. Interim Com. Rep. (Mar. 1959) No. 22, p. 23.) As the committee concluded, “Most important, perhaps, is the inability to retain legal services, for attorneys understandably shy away from taking cases when they are uncertain of the outcome and are not sure they will be able to collect their fees.” (Ibid.) Thus, in addition to its other purposes, section 1811.1 “. . . will encourage attorneys to accept cases when the buyer has a good defense. ...” Thus far, based upon the code section’s plain language and the expressed legislative intent, it does not appear that a *Supp. 11 plaintiff who has filed an Unruh Act type complaint for a sum to which he was entitled at the date of the filing of the complaint should lose his expenditures for attorneys fees or costs where the sum to which he is entitled is tendered after the action is filed. The very fact of such tender directly to plaintiff after suit, assuming appropriate notice to the defendant before suit, creates a reasonable inference that there is not a good defense to the action.
Our Supreme Court counsels in the case of Morgan v. Reasor Corp., 69 Cal.2d 881 [73 Cal.Rptr. 398, 447 P.2d 638], “The Unruh Act represents a constructive effort by the Legislature to protect consumers in the State of California in the all-important area of installment contracts. In interpreting the act, we must seek the achievement of the legislative purpose of according to consumers who are parties to such contracts the full protection of the salutaiy statute.” (Supra, at pp. 897-898.) By virtue of such language we inquire whether common sense, justice or fairness dictates that plaintiff should lose his attorneys fees and costs.
Successful plaintiffs are entitled to costs and disbursements as a matter of course. (Code Civ. Proc., § 1021.) Attorneys fees are likewise available in the absence of agreement where specifically provided for by statute as here. (Ibid.) Hence appellant herein, by specific statutory authorization, upon the date of filing of its complaint, was in the same position as any other similarly authorized plaintiff-creditor who is owed a debt and who incurs attorneys fees and costs in seeking payment of that debt. The clear import of section 1811.1 is to encourage prelitigation tenders. Tender is a word in common legal usage to denote an offer before suit. The use of the word “tender” in the same sentence in which the phrase “. . . deposits in court . . .” appears also supports our conclusion that tenders in section 1811.1 are to be made before the litigation commences. Logically then if the prelitigation tender is refused the defendant may after suit allege such tender and deposit the amount to which plaintiff is entitled into court. In none of the foregoing do we see any unfair or unjust advantage to such plaintiffs.
Respondent contends that to require a tender to plaintiff or deposit in court of the statutory “. . . full amount to which he [plaintiff] was entitled” is to introduce uncertainty and ambiguity because the amounts attributed to attorneys fees, costs and interest are said to be unascertained until the end of the litigation. Respondent argues that the asserted existence of such uncertainty creates absurd results the Legislature could not have intended.
*Supp. 12 The answer is twofold. First, the case before us presents no such dilemma for there is neither evidence nor contention that there was in fact any deposit in court made or attempted to be made. The statute’s command that a defendant be treated as the prevailing party entitled to attorneys fees and costs was never followed in this case since there was no tender to plaintiff of the amount due followed by a deposit in court of the amount so tendered (and presumably refused), nor any deposit in court of such sum with an answer filed alleging a previous tender of same. Respondent posits difficulties not present in this case in which the simple question is whether the tender should occur before or after suit, irrespective of any questions regarding any deposit. In any event, respondent does not contend that requiring tender before suit is unfair or unjust.
But respondent by her claim of absurd results invites our attention to the possible unfairness involved in the statutory requirement that a defendant who would seek to become entitled to attorneys fees and costs must deposit in addition to the principal sum due (presumably including appropriate interest) an uncertain amount of attorneys fees and costs. We are not called upon to decide how trial courts should resolve any such questions when they arise in future cases. Suffice it to say, however, that even the principal amount itself is sometimes uncertain until the litigation is concluded.
A defendant seeking the benefits of this statute may deposit in court any amount he believes is legitimately due to the plaintiff and allege by answer a previous tender to plaintiff of the amount deemed to be due and plaintiff’s refusal thereof. Defendant may then deposit such sums as attorneys fees and costs as are set forth in the complaint or may be ascertained to have been incurred through direct inquiry of plaintiff. If defendant needs assistance in securing the required information, he may seek it in the court in which the complaint is filed. We intentionally make no holding regarding any asserted uncertainty as to the sums to be deposited as to attorneys fees and costs but we merely discuss respondent’s claim in this respect so as to emphasize that we find that any such alleged uncertainty does not justify penalizing a plaintiff, such as plaintiff in this case, to whom a tender was not made prior to the commencement of an action.
Section 1811.1 provides significant benefits to those who would seek its protection. An installment account debtor who feels his creditor is entitled to less than the creditor is claiming may tender the lesser amount *Supp. 13 before suit and thereafter follow the statutory provisions with the reasonable expectation that when he proves that only the lesser amount is actually due, he will be entitled to his attorneys fees and costs. It would seem to make no difference whether the lesser amount resulted from a miscalculation of the balance by the creditor, or from claimed and allowed setoffs or other defenses, so long as the statutory provisions are followed and the tender before suit is of an appropriate amount as finally determined by the court. Likewise under familiar principles we perceive no reason why a tender might not be excused in such circumstances where the tender would be a useless or impossible act. None of the foregoing salutary benefits of section 1811.1 are diminished or eliminated by our holding that tenders under the section are to be made before suit is filed. The obvious effect of section 1811.1 to deter installment creditors from litigating excessive and improper claims is consistent with the legislative purpose.
We conclude that neither law, equity, fairness nor justice requires that a defendant debtor be entitled to delay payment of a debt in circumstances such as these until after a lawsuit has been filed and thus defeat a plaintiff-creditor’s entitlement to attorneys fees and costs. What respondent seeks here is not merely a liberal interpretation of section 1811.1 but an emasculation of its purpose to reward defendants with good defenses who risk sums for attorneys fees and advance costs in behalf of those good defenses. Respondent did not fall within the class of persons with a good defense. She failed to follow the procedural steps properly to assert such a defense if she had one which would have entitled her to attorneys fees and costs if she had prevailed.
The judgment is reversed, with directions to award reasonable attorneys fees and costs to appellant.
Phillips, P. X, and Sutton, J., concurred.