Richmond, P. J.,
delivered the opinion of the court.
This is an action to recover upon a promissory note. The action was commenced by the issuance of the following summons :—
“You are hereby required to appear in an action brought against, you by the above named plaintiff, in the district court of Arapahoe county, state of Colorado, and to answer the complaint therein within twenty days after service hereof, if served within this county, or, if served out of this county, or by publication, within thirty days after the service hereof, exclusive of the day of service, or judgment by default will be taken against you according to the prayer of the complaint, a copy of which is served herewith.
“ If a copy of said complaint is not served herewith, or if service hereof be made outside this state, you are by law allowed ten days additional to the time above specified in which to appear and answer.
*451 “ As will more fully appear from the complaint in said action, to which reference is here made.
“ Given under our hands at Denver, in said county, this first day of November, A. D. 1889.”
Defendant specially appeared and filed a motion to quash upon the alleged ground that the said summons is insufficient and void and not in conformity with the statute in such cases made and provided, in this, that it did not briefly or otherwise state the sum of money or other relief demanded in the action.
Thereafter the plaintiff issued a second summons, the concluding part of which is, “ the relief demanded in said action briefly stated is, to wit, to recover of said defendant the sum of $589.20, as will more fully appear from the complaint in said action to which reference is here made.” Due return of the service of this summons was made, showing that it was served upon the defendant, Farris, on the 80th day of November, A. D. 1889, together with a copy of the complaint.
The second summons so issued and returned was not attacked, nor was any' appearance made on the part of the defendant in obedience to that summons. The record discloses further that the motion to quash the first summons was made on the 22d of November, 1889, and taken under advisement by the court; that on the 20th day of January, 1889, motion was denied, and that on the same day default and final judgment was entered against defendant.
The contention of plaintiff in error is that he specially appeared in obedience to the first summons and interposed his motion to quash, and that while that summons was alive no second summons could be issued.
Defendant in error insists that he had a right to issue the second summons, and that after the time had expired in which the defendant should plead after the service of this second summons, default was entered and judgment rendered.
Neither the original nor the supplemental record advises us which summons the court recognized, but the recitations in the record warrant us in saying that the court deemed the first summons sufficient, as was indicated by its action in de> *452 nying the motion to' quash and entering judgment on the same day. The ground of the motion that the first summons did not state the amount of the relief demanded was well taken. The action in this case was commenced in November, 1889, consequently the summons should have been in conformity with the provisions of the Code of 1889, approved April 19,1889, Session Laws 1889, page 71. This section provides that the summons shall state the parties to the action, the state, county and court in which it is brought, and require the defendant to appear and answer the complaint- within twenty days after service of summons * * * and shall briefly state the sum of money or other relief demanded in the action.
The first summons undoubtedly fails to comply with this provision of the code. The omission was fatal and the court should have sustained the motion to quash: Smith et al. v. Aurich et al., 6 Colo. 388; A. T. & S. F. R. Co. v. Nicholls, 8 Colo. 189.
Let it be understood that the motion to quash the first summons was pending when the second summons was issued; that the defect in the first summons was not confessed by counsel for plaintiff; that no leave of court was granted to issue the second summons and the judgment was entered on the same day the motion to quash the first summons was denied. The second summons cured the defect in the first and was in conformity with the provisions of the code as it then existed, but the query arises, was the defendant obliged to recognize or appear in response to this summons before some action had been taken by the court with reference to the first. Would he have been warranted in believing that the court could, when it denied his motion to quash the first summons, immediately proceed to enter judgment of default and final judgment, basing such action upon the second, without giving the defendant an opportunity to appear in obedience to that summons ? If the first was sufficient, and the court so held in denying the motion, certainly it was. the duty of the defendant to appear immediately upon the action of the court in overruling the motion. The court had *453 no right to compute the time against the defendant wherein he should appear to answer or demur to the complaint while this motion was pending in the court. The court could not have entered a default pending the motion, and the defendant was certainly entitled to time to answer or demur to the complaint, or to take such other action as he deemed proper, before default and final judgment should have been entered.
We are utterly unable to find satisfactory reasons which authorize us to say that the defendant in this case was under any obligation to appear and answer the complaint in obedience to the second summons, while his motion to quash was pending, and without any action or admission on the part of the plaintiff or the court indicating the necessity therefor. If at the time of the filing of the motion to quash, plaintiff had confessed the motion and issued an alias summons, or, if at any subsequent time he had appeared and confessed the defect in the first summons and defendant had failed to respond to the second summons, then the default and final judgment could have been legally entered.
An alias writ is one which is issued when a former writ has not produced its effect. The writ is so called from the words, “ as we have formerly commanded you,” being inserted after the usual commencement, “ we command .you.” Itapalje and Lawrence’s Diet.
In the case of Barndollar et al. v. Patton, 5 Colo. 47, it was held that where the writ was fatally defective, or had been issued without authority, or for any other reason it is incapable of effectuating its purpose, and for such reason is quashed or otherwise fails in performing its office, it is manifest that another writ is necessary. In that case the court held that an alias writ could issue where the first writ had proven defective and had been quashed upon motion. Such is not the condition of affairs in the case at bar. The first summons, although defective was held to be a good and valid writ; consequently the necessity for issuing an alias writ and the right to exercise the statutory privilege did not exist.
The judgment must be reversed.

Reversed.