[Civ. No. 1137. Second Appellate District.—September 25, 1912.]

## C. N. WILSON and CHARLES LANTZ, Appellants, v. MARTHA HERBST LEO, Respondent.

SUMMONS—ORDER FOR SERVICE BY PUBLICATION—INSUFFICIENT AFFIDAVIT—STATEMENTS OF PROCESS SERVERS.—An affidavit by the plaintiff for the publication of summons made nearly three years after the filing of the complaint, stating that the plaintiff sent "two persons at different times" to the place where affiant was informed that defendant resided in the county, to obtain service upon defendant, that each of them returned the papers to affiant, with the information that they found the gates of said premises locked, and with signs thereon warning persons from entering the premises on account of vicious dogs confined therein, and that though they saw her at one time on the front porch, they could not reach her or speak with her on account of the locked gates and said vicious dogs, and that defendant cannot be found within the state after diligent search, was insufficient to justify the order for publication.

ID.—PROPERLY QUALIFIED SERVICE NOT SHOWN—HEARSAY STATEMENTS IN AFFIDAVIT.—Where no effort was made to obtain the service of the summons through the sheriff of the county, whose official duty it is to serve the process, nor is it made to appear that the two persons directed to make the service were in any manner qualified to make the service, nor were their affidavits presented, but the statements as to their efforts made to the affiant are but hearsay, and may be untrue in fact, without any impeachment of the truthfulness of affiant's statement, their affidavits should have been presented showing the nature of the effort made to serve the defendant.

ID.—INADVERTENT ORDER OF PUBLICATION PROPERLY SET ASIDE—QUASHING OF SERVICE—DISCRETION.—It is held that, under the insufficient affidavit, the order of publication of the summons was inadvertently and improperly made, and that there was no abuse of discretion on the part of the court in making an order quashing the service of the summons by publication.

ID.—FAILURE TO SERVE SUMMONS WITHIN THREE YEARS—DISMISSAL OF ACTION—EXCEPTIONS—CONFLICTING EVIDENCE AS TO SECRETION TO AVOID SERVICE—CONCLUSIVE FINDING.—Section 581a of the Code of Civil Procedure imposes upon the court the duty of dismissing the action, unless the summons shall be served and return made within three years after the commencement of the action, unless, as provided in the exceptions thereto, the failure was due to the fact

that the defendant secreted herself within the state to avoid service of summons or was absent therefrom. Proof that she secreted herself to avoid such service might be made to avoid the dismissal; but where the evidence was conflicting on that question, the finding of the court that she did not so secrete herself must be deemed conclusive, and the order of the court dismissing the action cannot be disturbed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from orders vacating the service of summons and granting a motion to dismiss an action. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, W. J. Wood, and Davis, Lantz & Wood, for Appellants.

George H. Kelch, for Respondent.

SHAW, J.—The complaint herein was filed and summons issued on October 31, 1908. On August 22, 1911, plaintiff Lantz filed and presented his affidavit upon which, in accordance with his prayer, the court made an order directing that service of summons be made by the publication thereof. Affidavit of publication was made and filed October 31, 1911. Thereafter, and more than three years after the filing of the complaint, defendant moved to quash the service of summons so made by publication and dismiss the action, the ground therefor, among others, being the insufficiency of the affidavit upon which the order of publication was made, and that more than three years had elapsed since the filing of the complaint without due return of service of summons. This motion was granted, judgment of dismissal following. Plaintiffs appeal from the orders and the judgment of dismissal.

As appears from the affidavit filed on August 22, 1911, which was nearly three years after the filing of the complaint, the right to the order for service by publication was based upon the ground that, after diligent search to find her defendant could not be found in the state and that she concealed herself to avoid the service. Section 412 of the Code of Civil Procedure provides that "Where the person on whom service is to be made . . . cannot, after due diligence, be

found within the state; or conceals himself to avoid the service of summons, . . . and the fact appears by affidavit to the satisfaction of the court, or a judge thereof; . . . such court or judge may make an order that the service be made by the publication of the summons." In *Rue* v. *Quinn*, 137 Cal. 651, [66 Pac. 216, 70 Pac. 732], it is said: "In making the order for the service by publication the judge acts judicially upon the evidence which the code requires to be presented to him for that purpose, and can act upon no other evidence than such as is prescribed by the code." And this evidence, according to the provisions of the code, must be presented in the form of an affidavit stating the fact upon which the court bases its conclusion that the party cannot be found or conceals himself. The order recites that "upon reading and filing the affidavit of Charles Lantz and it satisfactorily appearing therefrom to me that the defendant, Martha Herbst Leo, cannot after due diligence be found within the state," etc. It thus appears that at the time of making the order the court was satisfied of the existence of the fact that the defendant could not be found in the state. The question therefore presented is whether or not the matters stated in the affidavit were sufficient to establish the fact that defendant could not be found in the state. The affidavit shows that between the time of the filing of the complaint in October, 1908, and the date of the filing of the affidavit in August, 1911, plaintiffs sent "two persons at different times" to the place where affiant was informed defendant resided in the county of Los Angeles for the purpose of obtaining service upon defendant; that each of said persons returned the papers to affiant "with the information that they found the gates of said premises locked, and with signs thereon warning persons from entering the said premises on account of vicious dogs confined therein"; that these persons so attempting to make service of the papers were informed by a gardener upon the said premises that said defendant was not there and that he did not know when she would be, "though at one of said times a woman answering the description of Mrs. Leo came out of the house located upon said premises, upon the front porch thereof, but that it was impossible for either of said process servers to reach the said house or to speak with said woman, on account of said guard and of the said vicious dogs; affiant

therefore avers that the said defendant, Martha Herbst Leo, cannot be found within the state of California, after diligent search made to find her therein." This affidavit, in our judgment, was clearly insufficient to justify the making of the order for service by publication. No effort was made to obtain service through the sheriff of the county, whose official duty it is to serve process; nor is it made to appear that the two persons directed to make the service were in any manner qualified to serve papers. Moreover, the statements as to the efforts made by these two persons to serve the summons are based entirely upon the information obtained from them. "This statement is but hearsay, and may be wholly untrue, in fact, without any impeachment of the truthfulness of the affiant." See *Kahn* v. *Matthai*, 115 Cal. 689, [47 Pac. 698], where it is further said: "Where service of process upon a defendant within the county is attempted to be made by a person other than the sheriff, his affidavit should as a rule be required, showing the nature of the effort made to serve the party." Not only measuring the right to the order by the statute, but upon the authority of the case just cited, we are constrained to hold that the order was inadvertently and improperly made. Since this is true, it must necessarily follow that there was no abuse of discretion on the part of the court in making the order quashing service of summons.

Section 581a, Code of Civil Procedure, imposes upon the court the duty of dismissing an action, "unless the summons shall be served and return thereon made within three years after the commencement of said action." When the motion was made to quash the service and dismiss the action more than three years had elapsed since the filing of the complaint, and by reason of the order quashing the service of summons there had been no service of summons nor return thereon; hence, defendant was clearly entitled to an order of dismissal, unless, as provided for in the exception contained in said section 581a, the failure to serve summons on her was due to the fact that she had secreted herself within the state to prevent the service of summons, or was absent therefrom. While the order of publication, as shown by the recital therein, was based upon the fact, satisfactorily appearing to the court from the affidavit, that defendant could not, after due diligence, be found in this state, and not that she concealed herself to pre-

vent service, we are, nevertheless, of the opinion that the plaintiffs might successfully resist a motion to dismiss made for want of service of summons by showing that defendant was absent from the state or concealed herself to avoid service. This, however, like any other fact in issue, is for the trial court to determine upon the evidence introduced, and where there is a substantial conflict in the evidence touching the issue, the conclusion of the trial court will not be disturbed. Conceding that at the hearing affidavits were presented to the court on behalf of plaintiffs tending to show that defendant did conceal herself within the state to prevent the service of summons, on the other hand, counter-affidavits were filed presenting evidence which strongly tended to prove the contrary. The court having by its order of dismissal determined the issue against plaintiffs, such determination must be deemed conclusive thereon.

For the reasons given, the judgment and orders appealed from are affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 23, 1912.