[Civ. No. 7406. First Appellate District, Division One.—January 5, 1932.]

AGNES L. KELLY, Appellant, v. J. ALBERT FER-BRACHE, Defendant; MARY J. FERBRACHE, Respondent.

Morettini & O'Neill for Appellant.

Brobeck, Phleger & Harrison and Kenneth Ferguson for Respondent.

ATTERIDGE, J., *pro tem.*—This action was instituted by appellant as plaintiff in the court below to recover a deficit resultant after a sale had been made under the provisions of a deed of trust securing a promissory note. The defendants named in the complaint were J. Albert Ferbrache and the respondent Mary J. Ferbrache, joint makers of said promissory note.

The complaint was filed February 8, 1926, and summons issued the same day. Defendant Albert Ferbrache was duly served with complaint and summons within two months thereafter, and judgment was subsequently rendered against him. Respondent Mary Ferbrache, however, was not served with either summons or complaint until August 6, 1929, a period approximately three years and six months after the

commencement of the action—when an *alias* summons was served upon her.

It is apparent from the facts stated that the failure of appellant to serve respondent with summons within three years after the commencement of the action immediately called into operation the provisions of section 581a of the Code of Civil Procedure, which have been repeatedly held in a long line of cases to impose a mandatory as well as statutory prohibition upon the superior court from taking any further proceedings against a defendant who has not been served with summons within the prescribed period of limitation, other than to order a dismissal of the action against such defendant. (*Vide, Bellingham Bay Lumber Co.* v. *Western Amusement Co.,* 35 Cal. App. 515, 518 [170 Pac. 632], and cases therein cited; *Sauer* v. *Superior Court,* 74 Cal. App. 580 [241 Pac. 570].)

It, however, further appears from the record that upon the failure of respondent to appear in response to the *alias* summons served upon her on August 6, 1929, appellant caused the former's default to be entered, and subsequently on September 13, 1929, with such default as its underlying basis, obtained from the trial court a judgment for the relief prayed for in her complaint.

Respondent appeared in the action for the first time on September 14, 1929, by filing a motion to dismiss the action because of delay in service and return of summons, and upon then ascertaining that a judgment had already been entered against her, promptly moved, upon September 17, 1929, to vacate and set the judgment aside upon the grounds that the same was void and beyond the jurisdiction of the court to make or render. The trial court, convinced of the improvident nature of the default judgment and its own want of jurisdiction in rendering the same, granted the latter motion to vacate and ordered a dismissal of the action. It is from this order and judgment, based upon section 581a of the Code of Civil Procedure, that appellant appeals.

The principal contention urged by appellant on the appeal is that section 581a of the Code of Civil Procedure does not apply to actions such as hers, "which have gone to judgment". In support of this claim she relies upon certain excerpts from the case of *Jones* v. *Gunn,* 149 Cal. 687, particularly the sentence appearing on page 694 of that

reported case [87 Pac. 577, 580], which in part states: "That subdivision 7 of section 581 of the Code of Civil Procedure must be construed to apply to pending actions . . . , and not to actions which have gone to judgment. . . . " This portion of the opinion must, we believe, be construed with due regard to and consideration of the particular facts then under adjudication, for it is a recognized rule of judicial construction that the effect of a decision is not to be extended or determined by reference to a single phrase, but on the contrary, must be determined by a consideration in its entirety of the opinion in the case. (*Young* v. *Southern Pac. Co.*, 189 Cal. 746, 757 [210 Pac. 259].)

Upon so considering the sentence quoted from *Jones* v. *Gunn, supra,* it will be observed that the same immediately follows a sentence in which the Supreme Court had carefully pointed out concerning the case then under adjudication that " . . . after commencement of the action, service of summons was made, the trial had, and a judgment, which has long since become final, was rendered *within a year after the commencement of the action."* (Italics ours.) As we construe the decision, it was only because these acts requisite to jurisdiction had severally occurred prior to the expiration of the three-year period upon which, had they not so occurred, the trial court, under section 581a, would have *ex necessitate legis* been without jurisdiction, that the court held the then existing similar subdivision 7 of section 581 of the Code of Civil Procedure is inapplicable "to actions which have gone to judgment". By reason of the fact that all the acts relied upon to confer jurisdiction in *Jones* v. *Gunn, supra,* were taken within the three-year period of final limitation, whilst in the instant case the jurisdictional requisites of service of summons and return thereon are definitely shown to have been made after the expiration of such period, we hold that the case cited is not in point.

▮ Appellant makes the further point that the provisions of section 581a of the Code of Civil Procedure relate and apply only to the service of original summons and not to an *alias* summons. Her claim in this respect is that the issuance of an *alias* summons at a date some seven months later in point of time than the issuance of original summons had the effect of extending the three-year period prescribed

by section 581a of the Code of Civil Procedure for a like period of time. We are constrained to hold this claim to be without merit. The duplication of previously issued process, whose issuance is provided for by section 408 of our Code of Civil Procedure, is to be had only in the event the original summons has been "returned without being served on any or all of the defendants, or if it has been lost". This form of mesne process is not to be held identical with the *alias* process or writ known to the common law. At common law, writs were returnable at the next or a specified term of court, and an *alias* writ was one sued out within the specified return period where the original had not produced the required effect or was itself defective. It was so called from the words "as we have formerly commanded you", being inserted after the usual commencement "we command you". (*Farris* v. *Walter,* 2 Colo. App. 450 [31 Pac. 231, 232].) The so-called *alias* summons, for which provision is made in said section 408 of the Code of Civil Procedure, contains no such recital; it merely duplicates its original and is a mere substitute therefor. Some of these distinctions were early pointed out by the Supreme Court in *Dupuy* v. *Shear,* 29 Cal. 238, 240 (decided prior to the enactment of our codes) where it said:

"A technical *alias* summons is not known to our law, and in fact, under our system of practice, there is no necessity for one. The summons specifies no return day, and when it has once been issued it may be served and returned at any time without reference to the time of the commencement of the next term of Court. . . . If more than one summons is authorized by the Practice Act, the second has no necessary connection with, or dependence upon, the first. It is based upon the complaint alone. The *capias ad respondendum* under the common law system was returnable at the next succeeding term of the Court, and a return of the writ was a necessary prerequisite to the issuing of an *alias.*"

Section 408 of the Code of Civil Procedure merely provides that an *alias* summons may, in either of the two events therein specified, issue "within such time as the original might have been served", and that period of time by the express limitations of section 581a of the Code of Civil Procedure is fixed as three years. But this does not mean, as appellant contends, that a plaintiff will still have three

years from the date of issuance of *alias* summons in which to secure service and return of process, because *all* actions are barred and the court is without jurisdiction under the express provisions of said section 581a of the Code of Civil Procedure "unless the summons shall be served and return thereon made within three years *after the commencement of said action"*. (Italics ours.)

Aside from this plain mandate of the statute (sec. 581a, Code Civ. Proc.) to the contrary, the recognized mischievous results that would follow by permitting the successive issuance of a series of *alias* and *pluries* summons to indefinitely toll its prescribed three-year period of limitation, are most persuasive reasons for withholding our approval of appellant's contention. Some of these are pointed out in *Weaver* v. *Woodling,* 220 Mo. App. 970 [272 S. W. 373, 374], where it is said:

"A plaintiff, after filing his petition, might wait indefinitely and then bring the defendant into court pursuant to an *alias* summons, after his witnesses were dead or his proofs lost or destroyed, and obtain judgment upon claims not founded in justice, and the practice thereby becomes a means of injustice and oppression. Courts could not sanction a practice so fraught with mischief, unless it were so long and clearly established as to have the force of positive law."

Appellant makes the further claim that respondent absented herself from the state and likewise secreted herself within the state for the purpose of avoiding service of summons, and invokes those provisions of said section 581a of the Code of Civil Procedure which prescribe that no dismissal shall be had where actions or conduct of the character specified prevented service of summons; but inasmuch as this question of fact was fully presented to the trial court upon a series of substantially conflicting affidavits and counter-affidavits, and by it determined adversely to appellant's claim, it follows that such determination is necessarily conclusive. (*Wilson* v. *Leo,* 19 Cal. App. 793, 797 [127 Pac. 1043].)

For the reasons given the judgment and order appealed from are affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 4, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 3, 1932.