[Civ. No. 6909.   Third Dist.   Nov. 5, 1942.]

C. H. CARMICHAEL, Petitioner, v. THE SUPERIOR COURT OF NEVADA COUNTY, Respondent.

Proctor K. Perkins and John L. Larue for Petitioner.

Ivan C. Sperbeck and McGilvray & McGilvray for Respondent.

ADAMS, P. J.—Petition for writ of mandate.

Petitioner alleges that on September 30, 1936, an action was commenced in the Superior Court of Nevada County against several defendants, including petitioner herein, to recover the sum of $5,000; that summons was thereupon issued directed to all defendants; that petitioner was never served; that the summons was never returned or filed, and that no stipulation extending time was ever made or filed; that on February 20, 1942, petitioner made a motion in the said superior court to dismiss the action as to him, on the grounds that summons had not been served upon him and return made within three years after commencement of the action, and that said action had not been brought to trial within five years; that said motion was denied.

An alternative writ having issued out of this court respondent filed an answer in which it admitted the foregoing allegations of the petition but denied that petitioner has no plain, speedy and adequate remedy at law. As a special defense is set up that there was filed in the superior court an affidavit by one of the other defendants in the action which alleged that petitioner herein was then and had been since the commencement of the action living and residing in the State of Idaho, that said affidavit was submitted to the court and used by the court and that the facts alleged therein were not refuted. It was alleged as a further separate defense that petition for mandate is not the proper remedy, and that the petition does not state facts sufficient to constitute a cause of action.

■ At the time of the argument in this court it was admitted that petitioner has been out of the State of California during the entire period; and relying on *Judson* v. *Superior Court,* 21 Cal.2d 11 [129 P.2d 361], respondent contends not only that petitioner has no right to have the action dismissed under the provisions of section 583 of the Code of Civil Procedure, but also that he has made a general appearance in the action by his motion in the superior court.

In the Judson case, *supra,* petitioners sought, by writ of prohibition, to restrain the trial court from rendering judg-

ment against them following the entry of their default. They had filed in the said trial court a motion to dismiss the action for want of prosecution within five years, under section 583, *supra*, but the motion had been denied on a showing that said defendants had either secreted themselves within the state to prevent service of summons, or had resided outside of the state, by reason of which the court was powerless to proceed to trial in said action. In their petition for writ of prohibition they contended that their motion to dismiss did not constitute a general appearance, and therefore the court had no right to order their default entered; also, that said cause not having been brought to trial within five years the trial court had lost jurisdiction over said action for all purposes except to dismiss it. The Supreme Court held to the contrary on both points. Regarding the jurisdiction of the trial court after the lapse of five years the opinion states that "an action should not be dismissed when, as the result of the conduct or action of a defendant, the plaintiff may not proceed to trial with reasonable certainty that a judgment would conclusively determine the rights of the parties." The court said also:

"Under these circumstances, to require the plaintiffs to take the uncertain path of publication of summons against defendants who, they had been informed, were non-residents, would reward subterfuge and make dishonesty profitable. The courts have recognized that the statute relating to dismissals although mandatory in form, should not be applied where, although the defendant was not guilty of acts tending to obstruct the administration of justice, it would have been impracticable for the plaintiff to have brought the action to trial. (*Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Estate of Morrison*, 125 Cal.App. 504 [14 P.2d 102]; and *Kinard* v. *Jordan*, 175 Cal. 13 [164 P. 894].)"

That language is applicable to the instant case for it would have been impracticable for plaintiff to bring this action to trial. Service of summons on defendant by publication would have been an idle act as no money judgment could have been based upon such service, and it is not shown or contended that defendant had property within the state.

Other cases also hold that there may be circumstances which constitute exceptions to the rule of section 583, *supra*, requiring a dismissal when a case is not brought to trial within five years.

In *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], above cited, which is relied upon by petitioner as holding that dismissal is mandatory after five years under section 583, *supra,* the court said it was mandatory *unless* circumstances in some way interrupted the running of the period; and because in that case an appeal from an order changing venue was pending for three years during the five-year period, it held that the statute did not run, as it was impossible for the plaintiff to bring the case to trial—that there are implied exceptions to the rule.

In *Marr* v. *Superior Court,* 27 Cal.App.2d 393, 396 [80 P.2d 1005], where mandate was sought to compel the hearing of an appeal from a justice's court it was contended as a defense that section 981a of the Code of Civil Procedure required the dismissal of such an appeal "where the appealing party fails to bring such appeal to trial within one year from the date of filing." But the court cited *Christin* v. *Superior Court* to the effect that the statute was "to prevent *avoidable* delay for too long a period," and that it "does not sanction a penalty on the innocent party for delay which renders it impossible, impracticable, or futile to proceed." Also see *Bayle-La Coste & Co.* v. *Superior Court,* 46 Cal.App. 2d 636 [116 P.2d 458].

As to petitioner's contention that the action should be dismissed because the summons was not served and returned within three years, section 581a of the Code of Civil Procedure specifically provides that no dismissal shall be had thereunder for failure to serve summons on a defendant during his absence from the state or where he secretes himself within the state to prevent service.

It is therefore ordered that the alternative writ issued herein be discharged. The peremptory writ prayed for is denied.

Schottky, J. pro tem., and Thompson, J., concurred.