[Civ. No. 13076. First Dist., Div. One. Oct. 7, 1946.]

BERT BROCK, Appellant, v. A. O. FOUCHY et al., Defendants; SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

Bert Brock, in pro. per., for Appellant.

A. B. Dunne and Dunne & Dunne for Respondent.

WARD, J.—This is an appeal by plaintiff in propria persona from a judgment of dismissal in favor of defendant Southern Pacific Company, sued as one of 32 John Does. The judgment is in conformity with the provisions of section 581a of the Code of Civil Procedure. The appeal does not embrace that part of the judgment relative to defendant A. O. Fouchy, against whom the action is still pending. For the purpose of considering the present appeal it may be assumed, though not decided, that the complaint is in the nature of an action for personal injuries based upon certain claims of false imprisonment, malpractice, fraud and assault and battery.

The question on appeal concerns the applicability to the facts of a portion of section 581a of the Code of Civil Procedure. The pertinent parts thereof read: "No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced *must be dismissed by the court* in which the same shall have been commenced, *on its own motion,* or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action. But all such actions may be prosecuted, if appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served." (Italics added.)

The complaint was filed July 12, 1941. On the first page thereof, as it appears in the clerk's transcript, is endorsed "No Summons Issued." About three years later on July 3, 1944, ex parte, the court ordered the issuance of an alias summons based upon an affidavit filed by plaintiff. The affidavit does not aver that a summons was issued on July 12, 1941, or at any time thereafter, though the affidavit sets forth that plaintiff could not "find the Summons papers for Case No. 303503," the matter involved on appeal. The alias summons was served prior to July 11, 1944, on A. O. Fouchy, who was specifically named as a defendant, and on Southern Pacific Company, one of the original John Does. On July 13, 1944, the Southern Pacific Company specially "(and not otherwise)" appeared and gave notice of its intention to move to dismiss the action and quash service of summons on the grounds that summons

had not issued within one year from the commencement of the action and that "Southern Pacific Company has not appeared in said action by demurrer, answer, or otherwise, and has not entered into any stipulation in writing with the plaintiff in respect to issuance or service of summons or appearance therein." That an alias summons purported to issue; that the respondent did not appear by demurrer or answer, and that no stipulation of any kind or character has ever been signed by the parties hereto, are undenied. The court ordered a stay of proceedings until the motion could be heard, and extended the time to appear other than specially until 10 days after the determination of the motion in the event that it should be denied.

In the clerk's transcript on appeal the following instruments appear as filed prior to August 17, 1944, the date of the hearing of the motion to dismiss the action and to quash the service of summons, and prior to the entry of judgment on August 19, 1944: The original complaint, the affidavit requesting an alias summons, the order for the issuance of the alias summons, the alias summons, the affidavits of the sheriff that the summons was served on A. O. Fouchy and the assistant secretary of the Southern Pacific Company, the special appearance of the Southern Pacific Company to question the jurisdiction over the parties and the subject matter of the action, the order staying proceedings until the determination of the motion. There also appears an affidavit of service of summons on the city and county of San Francisco which need not be considered herein. All the rest of the above designated documents may be considered in addition to the records of the case made or filed up to the date of the minute order.

There appears in the record, marked as an exhibit, a photostatic copy of "Register of Actions" containing the nature and number of the action with the date of filing of the various documents in this case. It is true that this exhibit was marked subsequent to the decision on the motion, but courts take judicial notice of their own record pending in the same court. (Code Civ. Proc., § 1875, subd. 3; *Mason* v. *Drug, Inc.,* 31 Cal.App.2d 697 [88 P.2d 929]; *Hammell* v. *Britton,* 19 Cal.2d 72 [119 P.2d 333]; *Willson* v. *Security-First Nat. Bk.,* 21 Cal.2d 705 [134 P.2d 800]; *Driver* v. *International Air Race Assn.,* 54 Cal.App.2d 614 [129 P.2d 771]; *Schomer* v. *R. L. Craig Co.,* 137 Cal.App. 620 [31 P.2d 396].) The photostatic exhibit shows plainly that a notation of the issuance of

summons was made and then "partly" erased—that is, from the incomplete erasure letters of the words can be easily deciphered indicating that an entry of the issuance of summons had.been made. Evidently the trial court did not conclude that someone had sought, by an attempt at erasure, to falsify the record in order to assist the defendant. The execution is crude. The court must have concluded that someone merely attempted to correct an erroneous entry. Some other method, such as applying to the court for an order to make the change, would have been preferable, but we are not interested in that phase of the question at this time.

The trial court could have considered, and on appeal we will assume that it did, the endorsement, as it appears on the face of the complaint in the clerk's transcript, that no summons had issued; the affidavit requesting an alias summons which did not aver that a previous summons had ever issued; the register of actions and all other facts and circumstances from which a reasonable inference could be drawn that no summons had issued within the statutory time.

The judgment of dismissal recites that "none of the defendants named in said action with the exception of defendant A. O. Fouchy has appeared in said action within three years after the commencement of said action." The judgment also reads: "... And the court having examined all of the records on file in the above entitled cause, and having been fully advised in the premises, and having found that due notice of said motion was served upon the plaintiff and that summons in said action was not issued within one year after the commencement of said action, . . . and good cause appearing therefor," the motion to dismiss is granted in said action "as to all defendants named therein, except defendant A. O. Fouchy."

If the statement in the judgment of dismissal—that the court "examined all the records on file"—is incorrect, and that he did not examine the register of actions prior to the minute order directing judgment for defendant, there is still evidence, without the photographic exhibit, to uphold the judgment of dismissal. ■ However, whether actually noticed or not the document will be deemed to have been considered. (10 Cal.Jur. § 26, p. 699.) ■ The "Photographic Copy of Clerk's Record of Actions" (the exhibit in question) is one of the designated records in the notice to prepare the transcript on appeal. The exhibit is before this court upon the

request of appellant. This court may consider the photostatic exhibit upon the theory that evidence which may be judicially noticed by the court of original jurisdiction may be considered on appeal. (*Varcoe* v. *Lee,* 180 Cal. 338 [181 P. 223]; *Greif* v. *Dullea,* 66 Cal.App.2d 986 [153 P.2d 581]; *People* v. *Sanchez,* 21 Cal.2d 466 [132 P.2d 810]; *Sewell* v. *Johnson,* 165 Cal. 762 [134 P. 704, Ann.Cas. 1915B 645].) It is not necessary to resort to any of the judicial council's Rules on Appeal to present this exhibit to this court.

The alias summons in this case should not have been issued. There is no proof that the original summons was returned without service on any or all of the designated defendants, and no proof of its loss. (Code Civ. Proc., § 408.) It is impossible to lose a summons that has never been issued. In *Kelly* v. *Ferbrache,* 119 Cal.App. 529, 533-534 [6 P.2d 987], this court said: "Section 408 of the Code of Civil Procedure merely provides that an *alias* summons may, in either of the two events therein specified, issue 'within such time as the original might have been served', and that period of time by the express limitations of section 581a of the Code of Civil Procedure is fixed as three years. But this does not mean, as appellant contends, that a plaintiff will still have three years from the date of issuance of *alias* summons in which to secure service and return of process, because *all* actions are barred and the court is without jurisdiction under the express provisions of said section 581a of the Code of Civil Procedure 'unless the summons shall be served and return thereon made within three years *after the commencement of said action.*' (Italics ours.)" The court further said (p. 533): "The duplication of previously issued process, whose issuance is provided for by section 408 of our Code of Civil Procedure, is to be had only in the event the original summons has been 'returned without being served on any or all of the defendants, or if it has been lost.'" In *Cook* v. *Justice's Court,* 16 Cal. App.2d 745, 747-748 [61 P.2d 357], the court said: "It will be noted that section 581a of the Code of Civil Procedure provides three contingencies for the dismissal of actions and that such actions must be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein. (1) Unless summons is issued within one year; (2) unless return of service of summons is made within three years; (3) if summons has been served and no answer has been filed, if plaintiff fails or has failed to have

judgment entered within three years after service of summons."

The vital question in this case is the first contingency; that is, the issuance of the summons. If the summons had been issued and returned without service, or had been lost, an alias summons might have been issued. A prerequisite of an alias summons is the issuance of an original summons. The affidavit upon which the summons was issued in 1944 merely sets forth that plaintiff affiant cannot find the summons papers for case number 303503. The record does not set forth that an original summons was ever issued. The affidavit filed for the issuance of an alias summons was insufficient and hence the order for the issuance of such summons was void. "The duplication of previously issued process, whose issuance is provided for by section 408 of our Code of Civil Procedure, is to be had only in the event the original summons has been 'returned without being served on any or all of the defendants, or if it has been lost.'" (*Kelly* v. *Ferbrache, supra,* p. 533.) █ When questions of fact presented on conflicting records and affidavits are determined adversely to appellant in a motion under section 581a, the trial court's conclusions are binding upon an appellate court. (*Kelly* v. *Ferbrache, supra.*) █ The rule with respect to the issuance of summons is that the trial court *must, on its own motion or on the motion of any party interested therein,* whether named in the complaint as a party or not, dismiss the action. In brief, the summons must be issued within one year and served within three years after the commencement of the action or it is subject to dismissal under the heretofore cited provisions of the code. (*Kelly* v. *Ferbrache, supra; Cook* v. *Justice's Court, supra; Gonsalves* v. *Bank of America,* 16 Cal.2d 169 [105 P.2d 118]; *People* v. *Southern Pacific R.R. Co.,* 17 Cal.App.2d 257 [61 P.2d 1184]; *Schultz* v. *Schultz,* 70 Cal.App.2d 293 [161 P.2d 36]; *Lynch* v. *Bencini,* 17 Cal.2d 521 [110 P.2d 662]; 9 Cal.Jur. §§ 23, et seq., p. 533.) The foregoing citations deal primarily with the issuance of summons returned without service on any defendant, but it is made plain that such cases decide directly or indirectly that when no summons has been issued within a year the action must be dismissed, except against those defendants who voluntarily appeared.

█ Appellant contends that the order extending time to respondents to plead if the motion to dismiss should be

denied, negatives respondents' contention that only a special appearance was made. The motion shows that it is merely a special appearance and that the order of extension was a provisional order which did not indicate a voluntary appearance. (*Sharpstein* v. *Eells*, 132 Cal. 507 [64 P. 1080]; *Goland* v. *Peter Nolan & Co.*, 15 Cal.App.2d 696 [60 P.2d 183]; *People* v. *Southern Pacific R.R. Co.*, *supra*.) "The test is—Did the party appear and object only to the consideration of the case or any procedure in it because the court had not acquired jurisdiction of the person of the defendant or party? If so, then the appearance is special. If, however, he appears and asks for any relief which could be given only to a party in a pending case, or which itself would be a regular proceeding in the case, it is a general appearance regardless of how adroitly, carefully or directly the appearance may be denominated or characterized as special." (*Judson* v. *Superior Court*, 21 Cal.2d 11 [129 P.2d 361].)

The rule with respect to appearance, whether general or special, may be decided when the filed documents are analyzed to determine if any affirmative relief may be granted on the merits as distinguished from a mere request for a dismissal based on a statutory provision. It is not the appellation given the appearance but the substance of the filed document. (3 Cal.Jur. §§ 6, et seq., p. 8.) In the present case the motion to dismiss and to quash service of summons is based solely upon section 581a without reference to additional relief on the merits. The order extending the time to appear generally, bestows the right to a hearing on the merits conditionally, that is, only in the event that the motion specially filed should be denied.

There was filed in this court "Appellant's Reply Brief" containing an affidavit relative to the merits of the motion. Necessarily the affidavit must be stricken from the file. The brief also contains a recitation of some facts which are not substantiated in the record on appeal. Such references may not be considered. All other points of the brief have been considered. Respondents sought to file "Respondents' Memorandum in Opposition and Objection to Appellant's Reply and Affidavit Contained Therein." It is a reply to appellant's reply brief. There is no rule providing for the filing of such a document without permission of the court. Permission was withheld pending a hearing of the case. The court indicated its attitude at the time of oral argument. The clerk

of the court is directed not to file the document and its contents are ignored.

 Upon the presentation of the photostatic exhibit after the minute order, and after the filing of the judgment of dismissal, respondents filed three affidavits by the county clerk and two of his deputies explaining the erasure on the register of actions. The explanation was sufficient and the trial court could have accepted it as a complete answer to appellant's contention that a summons was issued, if the affidavits were admissible. When examined, however, and the date of filing considered, which was several years after the erasure and subsequent to the entry of judgment, it must be declared that the affidavits are not part of the record on appeal and are stricken from the file. Such evidence on a motion to correct the record was inadmissible. It may be assumed that where there is competent evidence to support the judgment, that inadmissible evidence was ignored by the trial court in its final decision. (*Cordi* v. *Garcia*, 56 Cal.App.2d 584 [132 P.2d 887]; *Watt* v. *Copeland*, 92 Cal.App. 161 [267 P. 928]; *Ford* v. *Lou Kum Shu*, 26 Cal.App. 203 [146 P. 199]; *Bisno* v. *Herzberg*, 75 Cal.App.2d 235 [170 P.2d 973].)

On oral argument appellant submitted a number of cases on various points—most of them from other states. An examination of the citations indicates that they are not in point or, if seemingly in point, could be differentiated. As the courts of California have sufficiently defined and construed section 581a it is not necessary to elaborate on the additional citations. Attention is also called to rule 8 of the Rules on Appeal by the judicial council. It does not appear that there has been any violation of that rule by respondents.

 The appearance of Fouchy by the filing of a demurrer was not a general appearance on behalf of any other defendant. (*Goland* v. *Peter Nolan & Co., supra.*) The provision of section 581a that all actions commenced without the issuance of a summons for one year "must be dismissed by the court . . . on its own motion," is the authority of a court, upon application of one defendant, appearing specially, to dismiss the action against all defendants against whom a summons has not been issued "within one year."

There is no reporter's transcript on appeal and it is admitted that a court reporter was not in attendance at the hearing. Appellant enumerates other errors. In the absence

of a clerk's transcript or bill of exceptions, however, this court is unable to pass upon the merits of the claimed errors. As an example, appellant charges that his attorneys failed to properly represent him and that he was thereby deprived of an opportunity to present certain evidence. Appellant is bound by any act or omission of his attorney in the absence of fraud. (3 Cal.Jur. 654.) Assuming that damage results, an attorney is liable for negligence in his conduct of a case. (3 Cal.Jur. 670.) In the opening brief appellant asserts that the Southern Pacific Company intended to wreck him in health and financially and that with this purpose, and to prevent his further proceeding with this suit, they caused his imprisonment between September 17, 1941, and October 17, 1941. These statements appear in the opening brief, but there is no document in the ''Clerk's Transcript on Appeal,'' filed prior to the determination of the motion, to support such charges.

There is an amended complaint in the record, filed after the minute order, but the amendment could be of no benefit to appellant on this proceeding as regards dates of imprisonment, as the amended complaint fixed such dates of hospital imprisonment from July 14, 1940, to August 29, 1940, a period almost a year prior to filing the original complaint. In appellant's brief it is stated, however, that appellant was kidnapped ''on September 17, 1941 on charges of mental illness insanity . . . and imprisoned in the county hospital.''

 With or without the photostatic copy this court is forced to approve the order of dismissal made by the trial court on the ground that ''all actions . . . commenced must be dimissed by the court . . . on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, *unless summons shall have issued within one year*''; when no appearance has been made by the defendant or defendants ''within three years after the commencement of said action.'' (Italics added.) (Code Civ. Proc., § 581a.)

The judgment is affirmed.

Peters, P. J., and Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 5, 1946. Carter, J., and Schauer, J., voted for a hearing.