[Civ. No. 5106.   Fourth Dist.   July 22, 1955.]

VIVIAN OBERGFELL, Appellant, v. IVAN C. OBERG-FELL et al., Defendants and Respondents; MARJORIE O'BRYAN, Intervener and Respondent.

*Assigned by Chairman of Judicial Council.

Don C. Bitler and David M. McGahey for Appellant.

George R. Kirk for Defendants and Respondents.

David L. O'Bryan for Intervener and Respondent.

MUSSELL, J.—This is an action to quiet title and to set aside two deeds executed by plaintiff's husband (defendant Ivan C. Obergfell) conveying the property involved to his sister (defendant Ruby I. Baker).

It is alleged in the complaint that the land conveyed was the community property of plaintiff and Ivan C. Obergfell and that the conveyances were made without the consent or knowledge of plaintiff. The action was filed on January 8, 1948. Summons was issued on that date and delivered to the sheriff of Imperial County for service on the defendants. Service of the summons and complaint was never effected on defendant Ivan C. Obergfell and he has not appeared in the action. On February 13, 1948, defendant Ruby I. Baker filed an answer and cross-complaint. Discussions thereafter took place between plaintiff's attorney and counsel for Ruby I. Baker relating to amending her cross-complaint to clearly describe the property involved and concerning the taking of her deposition. However, in 1951 counsel for Ruby I. Baker died and the matter had not then been set for trial. On October 17, 1952, Ruby Baker died and thereafter R. S. Obergfell and E. P. Obergfell were appointed as executors of her will and were substituted as defendants in the action in her place and stead. Thereafter, during the summer of 1953, it was orally agreed between counsel for plaintiff and counsel for said executors that the cause should be brought to trial during the winter season in El Centro. On September 25, 1953, counsel for the executors wrote to plaintiff's attorney stating that if it were agreeable, he would ask the

court to put the case on the setting calendar for October 2d. Plaintiff's counsel, in his reply to this letter on September 28th, agreed to the placing of the cause on the setting calendar for October 2d, and on October 2, 1953, the attorney for the executors informed plaintiff's attorney that the trial had been set for January 19, 1954.

On January 7, 1954, the executors filed a notice of motion stating that on January 15, 1954, they would move the court to dismiss the action on the ground that it had not been brought to trial within five years as provided for by section 583 of the Code of Civil Procedure. On January 15, 1954, this motion was argued before the court and the matter was continued to January 29th to permit counsel for defendants to file counteraffidavits.

On January 18, 1954, Marjorie O'Bryan, claiming to be a party in interest in the action and legatee under the will of Ruby Baker, deceased, filed a complaint in intervention alleging, among other things, that the action was barred by section 583 of the Code of Civil Procedure since it had not been brought to trial within the five-year period prescribed. On January 25, 1954, the intervener filed an amended notice of motion to dismiss the action under the provisions of said section 583 on the ground that the action had not been brought to trial within five years from the date of the filing of the complaint. This motion was noticed for hearing on January 29, 1954. The minutes of the trial court show that on January 19th (the then trial date) there were no appearances and the cause was removed to the master calendar to be reset for trial and on January 22, 1954, the cause was set for trial on March 17, 1954. The motions to dismiss were heard by the court on February 26, 1954, and submitted. On March 11, 1954, by order of the court, the motion to dismiss as to the said executors was denied and the motion as to defendant Ivan C. Obergfell was granted under the provisions of section 581a of the Code of Civil Procedure.

On March 13, 1954, the executors filed a notice of motion to set aside the order of March 11th denying their first motion to dismiss and again moved for a dismissal on the ground that the action had not been brought to trial within the five-year period as provided by section 583 of the Code of Civil Procedure. This motion was noticed for hearing on March 17, 1954, and on that date the court continued the trial date and the hearing on the motion to March 19, 1954. On that date the court heard the arguments on the motion and ordered

it submitted, and further ordered that the case be removed to the master calendar to be set for trial. On April 2d the action was again set for trial on November 1, 1954. On April 16, 1954, the trial court granted the motion to dismiss the cause as to defendant executors. Plaintiff then appealed from this order and that portion of the order entered March 11, 1954, dismissing the action as to the defendant Ivan C. Obergfell under the provisions of section 581a of the Code of Civil Procedure.

Appellant first contends that it was prejudicial error for the court to dismiss the case against the executors after entering a finding that there was a stipulation in writing waiving the benefits of section 583 of the Code of Civil Procedure and extending the time for trial beyond the statutory period. We find no error in this order of dismissal.

The trial court in its order of March 11, 1954, denying the motion to dismiss as to the executors, found that the correspondence between plaintiff's attorney and the attorney for said executors (the letters of September 25 and 28, 1953, agreeing that the cause be placed on the setting calendar for October 2, 1953, and the letter of October 2, 1953, advising plaintiff's attorney that the case had been set for trial on January 19, 1954) constituted a valid stipulation waiving the provisions of section 583 of the Code of Civil Procedure and setting the cause for trial beyond the five-year period. However, the action was not tried on January 19, 1954, the date agreed upon in the stipulation and on that date there were no appearances by the parties. The court then removed the cause to the master calendar to be reset for trial. There is nothing in the record to indicate that the parties stipulated to a trial of the action at a date subsequent to January 19, 1954, or that the executors waived their right to a dismissal when the matter was not brought to trial on that date. Therefore, on March 13, 1954, the motion to dismiss made by the executors was not subject to the objection that they had waived their right to a dismissal by written stipulation, or otherwise.

In *Hunt* v. *United Artists Studio, Inc.*, 79 Cal.App.2d 619 [180 P.2d 460], the question for decision was whether the court abused its discretion in dismissing the action pursuant to section 583 of the Code of Civil Procedure after its pendency for six years and nine months by reason of settings and continuances of the cause with the respondent's consent, both before and after the expiration of the five-year period, and finally in permitting the case to go off calendar. The action

was filed May 10, 1939, and the only stipulation for a continuance was filed August 17, 1944. That stipulation authorized a continuance to "such time as suits the court." The court held that:

"The order fixing January 3, 1945, as the day of trial exhausted the force and function of that stipulation. Consequently such stipulation may not supplement subsequent oral agreements or consents to further continuances so as to avoid the mandatory effect of the statute. (*Mercantile Inv. Co.* v. *Superior Court*, 218 Cal. 770, 773 [25 P.2d 12].) Nor does one stipulation extending the statutory period operate as a waiver for all future time. (*Miller & Lux* v. *Superior Court, supra,* 337 [192 Cal. 333 (219 P. 1006)].)"

The court further held that inasmuch as there was no stipulation extant on January 29, 1946, granting appellant further time, respondent was within his rights to move for a dismissal.

■ Appellant argues that the trial court did not have the power to reverse the order denying defendant executors' motion to dismiss the action under section 583 of the Code of Civil Procedure. This argument apparently is based on the assumption that the order was a final judgment. However, the order was clearly interlocutory and therefore not appealable. (3 Cal.Jur.2d, Appeal and Error, § 50; *Parker* v. *Owen,* 83 Cal.App.2d 474 [189 P.2d 81].) Since the order was interlocutory, the trial court retained jurisdiction of the action and properly entertained the second motion of the executors to dismiss it when the function and force of the stipulation was exhausted.

Appellant's next contention is that the dismissal as to defendant Ivan C. Obergfell was an abuse of judicial discretion. This contention is likewise without merit. This dismissal was granted under the provisions of section 581a of the Code of Civil Procedure, which provides, among other things, for the dismissal of an action unless the summons shall have been served and return made thereon within three years after the commencement of the action. In *Cahn* v. *Jones,* 101 Cal. App.2d 345 [225 P.2d 570], it was held that under the provisions of section 581(a) of the Code of Civil Procedure, as amended in 1949, it was mandatory for the court to dismiss an action in which the summons was not served within three years, despite an oral stipulation entered into by the defendant after the expiration of the time extending the time for trial. Section 581a of the Code of Civil Procedure provides that no

dismissal shall be had thereunder as to any defendant because of the failure to serve summons on him during his absence from the state or while he has secreted himself within the state to prevent the service of summons upon him. In this connection appellant takes the position that she made a prima facie showing that the defendant was out of the state and/or evading service and that this showing was not rebutted. The alleged showing in this connection was by affidavits stating that plaintiff had attempted to have service of summons effected upon defendant Ivan C. Obergfell from the date the complaint was filed; that the sheriff's office was unable to locate him in more than six months; that she had investigation made by both public officials and private individuals from that date until January 12, 1954, in an effort to locate said defendant but was unable to find him; that he was either outside of the state of California for several years prior to January 12, 1954, or was concealing himself within the state to avoid service of process; that his whereabouts were unknown and not discoverable by the exercise of due diligence.

In opposition to these affidavits the intervener's affidavit states that she had seen the defendant in the state of California on the following dates and at the following places: February 10, 1950, Long Beach, California; December, 1950, Long Beach; November, 1951, Long Beach; October, 1952, 2310 Broadway Street, Long Beach; and October, 1952, Glendale.

The question of whether defendant Ivan C. Obergfell was within or without the state of California and the failure to serve him was due to that fact and whether he secreted himself within the state to prevent the service of summons upon him were questions of fact for the trial court. These issues were heard principally upon affidavits. The rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed. (*Griffith Co.* v. *San Diego College for Women,* *(Cal.) 286 P.2d 3.) Furthermore, in the instant case, at the hearing on the motion plaintiff called R. S. Obergfell as a witness and he testified that he saw the defendant Ivan C. Obergfell in Long Beach on Christmas Day, 1953; that he had seen him "all over the state of California";

---

*A rehearing was granted by the Supreme Court on July 27, 1955. The final opinion of that court is reported in 45 Cal.2d —— [—— P.2d ——].

that he saw him at least three times a year; that he saw him in El Centro a month or so before the date of the hearing; and that Ivan stopped in to see him regularly. The record shows that there was substantial conflict in the facts stated in the affidavits and testimony and the trial court's determination cannot be here disturbed.

Appellant argues that the decision places a premium on the wilful wrongdoing of Ivan C. Obergfell and was against public policy. This argument apparently is based upon the assumption that Ivan Obergfell secreted himself to avoid service of summons and then persuaded the intervener to move to dismiss the action. The record does not support this contention and there was no showing that the material issues raised by the pleadings could not have been tried within the five-year period as against the defendant executors and the intervener.

Finally, appellant complains that her examination of the witness R. S. Obergfell under section 2055 of the Code of Civil Procedure was unduly limited. However, in that connection the record shows that the court did not limit the examination insofar as it was in opposition to the affidavits filed by the parties and no error in this respect appears.

The orders are affirmed.

Barnard, P. J., and Griffin, J., concurred.