[Civ. No. 22526.   Second Dist., Div. One.   Dec. 26, 1957.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. IRVING BIREN, Appellant.

Gerald L. Kales for Appellant.

Hugo A. Steinmeyer and Alfred T. Twigg for Respondent.

WHITE, P. J.—Defendant appeals from the judgment for $10,251.69 against him for damages caused plaintiff by his forgery of the names of the payees of certain United States Treasury checks paid by plaintiff.

The action was commenced June 16, 1952, and summons issued the same day. Defendant was served with a copy of the summons and complaint on February 18, 1956. The affidavit of service is dated February 20, 1956, and the original summons was filed herein on March 20, 1956. On February 27, 1956, defendant appeared specially and filed a motion to dismiss said action for lack of prosecution under the provisions of section 581a of the Code of Civil Procedure "on two grounds, namely, (1) that the summons herein issued was not served on defendant within three years after the commencement of the said action, and (2) that no return of the service of said summons was duly made and filed within three years of the commencement of said action." The motion was denied March 23, 1956. April 12, 1956, appellant filed his answer.

Trial was had February 1, 1957. After the first witness on behalf of plaintiff was sworn and before any testimony was introduced, defendant objected to the introduction of evidence and moved to dismiss the action on the ground that the court lacked jurisdiction under the provision of said section 581a, because the summons was not served within three years after the commencement of the action. Said motion was denied and an exception taken by defendant and noted by the court. After trial, judgment was rendered for plaintiff.

The sole question on this appeal is whether the court erred in denying the motion to dismiss the action pursuant to the provisions of said section 581a.

Additional facts contained in the agreed statement on appeal which are pertinent to this question are:

June 5, 1952—Appellant arrived at McNeil Island Penitentiary and Prison Camp in the state of Washington, and was incarcerated therein at all times until September 1, 1954.

September 4, 1954—Appellant returned to California and has constantly resided here at all times since that date.

It further appears from affidavits in opposition to said motion that:

March 12, 1954—The Division of Adult Paroles, State of

California, advised the bank, and the bank was thereby led to believe, that the appellant was scheduled for release from McNeil Island Penitentiary and Prison Camp on or about December 31, 1955.

October 7, 1955—The bank learned from an attorney who formerly represented appellant that he understood that appellant had been released from prison on parole, but that he did not know his present whereabouts. The bank thereupon diligently attempted to locate appellant and was successful in ascertaining his address on or about December 3, 1955.

December 8, 1955—The bank sent a copy of the summons and complaint to a process server for service. Many attempts were made to serve the appellant, and on one occasion, he denied identity in order to prevent service.

From the foregoing, it appears that the time from the commencement of the action to the service of the summons upon the appellant was three years, nine months and four days; that during said time appellant was absent from the state two years, two months, and 29 days, leaving only one year, six months and five days within which it was possible to obtain personal service upon him in the State of California.

We believe that the intent of the Legislature, as expressed in said section 581a, is clearly stated in the following portion of said section: "provided that . . . no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him. . . ."

The language of said section, "except in actions to partition or to recover possession of, or to enforce a lien upon, or to determine conflicting claims to, real or personal property," does not apply to the facts of the instant action, this being an action for damages for fraud.

Of the cases cited and relied upon by appellant none determines in favor of appellant the issue now engaging our attention.

*Obergfell* v. *Obergfell*, 134 Cal.App.2d 541 [286 P.2d 462], is within the statutory exception above quoted and therefore is of no assistance in the instant action.

*Wilson* v. *Leo*, 19 Cal.App. 793, 797 [127 P. 1043], and *Kelly* v. *Ferbrache*, 119 Cal.App. 529, 534 [6 P.2d 987], turn upon the point that the trial court had determined from conflicting affidavits that the defendant had concealed himself

within the state and "such determination must be deemed conclusive thereon."

 *Carmichael* v. *Superior Court,* 55 Cal.App.2d 406, 408 [130 P.2d 725], was an action *in personam* and held that service by publication during defendants' absence from the state "would have been an idle act, as no money judgment could have been based upon such service, and it is not shown or contended that defendant had property within the state." In the instant action, as in the Carmichael case, the time during which defendant was absent from the state cannot be counted in said three year period between commencement of the action and service of the summons to require dismissal of the action under said section 581a of the Code of Civil Procedure.

The judgment is affirmed.

Doran, J., and Fourt, J., concurred.