9 Cal.Rptr. 140]

[Civ. No. 19511. First Dist.. Div. One. Nov. 30. 1960.]

JASPER J. CARTER, Petitioner, v. SUPERIOR COURT OF
THE CITY AND COUNTY OF SAN FRANCISCO,
Respondent; OTTO WIEGAND, Real Party in Interest.

2

Bledsoe, Smith, Cathcart, Johnson & Phelps and Joseph W. Rogers, Jr., for Petitioner.

No appearance for Respondent.

James C. Purcell, S. Lee Vavuris and Michael Riordan for Real Party in Interest.

DUNIWAY, J.— Petition for writs of mandate and prohibition to compel dismissal of an action and to prevent any other proceedings therein, by reason of plaintiff's failure to return the summons within three years of the filing of the action. (Code Civ. Proc., § 581a.) Either writ would be a proper remedy. (*Rio Del Mar etc. Club, Inc.* v. *Superior Court*, 84 Cal.App.2d 214 [190 P.2d 295]; *J. C. Penney Co.* v. *Superior Court*, 52 Cal.2d 666 [343 P.2d 919].) Section 581a requires dismissal "unless the summons shall be served and return thereon made within three years after the commencement of said action, . . . provided, that . . . no dismissal shall be had . . . as to any defendant because of the failure to serve summons on him . . . while he has secreted himself within the State to prevent the service of summons on him."

The chronology in this case is as follows:

March 29, 1957—Complaint filed.
March 28, 1960—Summons served.
May 20, 1960—Motion to dismiss filed.
June 24, 1960—Motion denied.

There was no appearance by the defendant within the three years. On June 24, 1960, the summons had not been returned. Counsel for respondent seem to take the position that it need never be returned.

 It is now too late to argue that the section does not mean what it says when it requires that the summons be returned (i.e., filed with the court), as well as served within the three years. (*Vrooman* v. *Li Po Tai*, 113 Cal. 302 [45 P. 470]; *Modoc Land etc. Co.* v. *Superior Court*, 128 Cal. 255 [60 P. 848]; *Grant* v. *McArthur*, 137 Cal. 270 [70 P. 88]; *Bellingham Bay Lbr. Co.* v. *Western Amusement Co.*, 35 Cal. App. 509 [170 P. 631]; *Ransome-Crummey Co.* v. *Wood*, 40 Cal.App. 355 [180 P. 951]; *Pearson* v. *Superior Court*, 122 Cal.App. 571 [10 P.2d 489]; *Chilcote* v. *Pacific Air Transport*, 24 Cal.App.2d 32 [74 P.2d 300]; *Frohman* v. *Bonelli*, 91 Cal. App.2d 285 [204 P.2d 890]; *Pease* v. *City of San Diego*, 93 Cal.App.2d 706 [209 P.2d 843]; *Atchison, T. & S. F. Ry. Co.* v. *Rollaway Window Screen Co.*, 101 Cal.App.2d 763 [226 P.2d 763]; *Beckwith* v. *County of Los Angeles*, 132 Cal.App. 2d 377 [282 P.2d 87]; *Miles & Sons, Inc.* v. *Superior Court*, 181 Cal.App.2d 151 [5 Cal.Rptr. 73]; *Lambert* v. *Conrad*, 185 Cal.App.2d 85 [8 Cal.Rptr. 56].)

 Plaintiff, however, filed affidavits purporting to show that defendant "secreted himself within the State to prevent the service of summons on him." (Code Civ. Proc., § 581a.) The court having denied the motion, we must assume that it decided this issue favorably to plaintiff, to the full extent that the affidavits support such a decision. (*Wilson* v. *Leo*, 19 Cal.App. 793 [127 P. 1043]; *Kelly* v. *Ferbrache*, 119 Cal. App. 529 [6 P.2d 987]; *Carmichael* v. *Superior Court*, 55 Cal.App.2d 406 [130 P.2d 725]; *Brock* v. *Fouchy*, 76 Cal. App.2d 363 [172 P.2d 945]; *Obergfell* v. *Obergfell*, 134 Cal. App.2d 541 [286 P.2d 462]; *Bank of America* v. *Biren*, 156 Cal.App.2d 368 [319 P.2d 704]; *Wyoming Pacific Oil Co.* v. *Preston*, 50 Cal.2d 736 [329 P.2d 489].) Disregarding those portions of the affidavits that are hearsay (*Wilson* v. *Leo*, *supra*, 19 Cal.App. 793, 796), one of them shows that a process server was employed "on or about July, 1959" and thereafter

made various efforts to serve the defendant, finally doing so on March 28, 1960, at which time defendant stated that he ''had been avoiding service because he had been told by some friend that the police were looking for him to serve some papers on him.'' Giving this affidavit its full weight, it shows concealment for a period of at least nine months (July 1, 1959, to March 28, 1960). Does this fact sustain the denial of the motion on June 24, 1960, less than three months after the expiration of three years, on March 30, 1960?

Petitioner argues that these facts are immaterial, service having been made within the three-year period. He urges that the proviso, quoted above, relates only to service of the summons, and not to its return, and that the service having been made within the three-year period, the proviso does not come into play. ■ We cannot agree, for the reason that in no case can return of the summons, showing the service, be made until after the service is made. It follows that any extension of time in which to make the service also extends the time in which to make the return.

■ In *Bank of America* v. *Biren, supra,* 156 Cal.App.2d 368, at page 371, the court said, ''. . . the time during which defendant was absent from the state cannot be counted in said three year period between commencement of the action and service of the summons to require dismissal . . .'' In that case, service was made three years, nine months and four days after the action was filed. There, the defendant had been absent for two years, two months and 29 days but had returned to the state just over nine months before the original three-year period would have expired, and was not served until 18 months after he returned. The court held that the motion to dismiss was properly denied. We think that the case is controlling here.

■ Equally controlling is *Wyoming Pacific Oil Co.* v. *Preston, supra,* 50 Cal.2d 736. In that case, the summons was served seven days after the three years had expired, but defendant had been concealing himself to avoid service for a short but undefined period immediately before the end of the three years. So far as appears, the summons was not returned. The court held that the exception, relating to concealment, vested a discretion in the trial court in applying it, such discretion to be '' 'exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice.' '' (P. 741.) The order of dismissal was reversed, the court holding that discretion had

been abused. In our case, the court exercised its discretion by denying the motion, and we cannot hold that it abused its discretion in doing so.

The alternative writs are discharged and the petition is denied.

Bray, P. J., and Tobriner, J., concurred.

A petition for a rehearing was denied December 29, 1960, and petitioner's application for a hearing by the Supreme Court was denied January 25, 1961.